OPINION of the Court, by
judge BIBB.
The administrator declared in assumpsit, 1st. for goods, wares and merchandize sold and delivered at a certain price; 2d1y. for work anti labor performed, to the amount of a sum certain; 3dly. upon a quantum meru~t for services rendered by the intestate as a storekeeper and clerk. On the trial of the issues two bills of exception were taken by Murray, the appellant, out of which the questions now presented for consideration arise. It appears that the evidence in support of the action applied only to the third count: that the witness on behalf of the plaintiff stated he had employed Mr. Bryant as a clerk for a few months, at the rate of sixty pounds per year; but, upon trial, found him remarkably well qualified for business; whereupon his wages were advanced to one hundred pounds per year. Upon cross ex-. amination the witness was asked (by Murray) what he had given to Mr. Wooldridge, another of ~is clerks, and whether Wooldridge was, in the Opinion of the witness, equal, superior or inferior, as a clerk and storekeeper, to Ware, the intestate ; to which questions the plaintiff's counsel objected, and the objections were sustained by the court; who decided that those questions, or any other which tended to draw a comparison between the qualifications of a particular clerk or accountant and those of the intestate, were illegal: whereupon the plaintiff declared the above observations of the witness had beei-i made in a mistake of the question put to him; that he (the plaintiff) disclaimed them, they were illegal, and were to be disregarded by the jury, and so the jurors were also instructed by the court, and the witness was then interrogated anew, conformable to the said direction of the court. The counsel for the defendant moved the court to instnsct the jury that they were not authorised by law to give interest on the amount which they should fix upon as the recompense 10 the plaintiff for the services of the intestate. This instruction was refused by the court, who informed the jury "that the subject of interest was a matter of sound discretion with them that they might calculate lute- *326 rest on the balance of each year’s salary from the time ^ was payable, after deducting the defendant’s account from the principal sum due the plaintiff, or they might calculate interest from the death of the plantiff’s intestate, or from the date of the writ.”
The proper criterion in the assessment of quantum meruit, would have been the usual or reasonable price which others have received for similar services. The estimate must not be made upon the time of service solely, but should be also compounded ef the ability, capacity and fitness of the person to render service in his employment. If a witpess should state that the person employed deserved so much, such valuation is evidently a deduction of (he witness from the premises he has assumed, as well in respect of the qualifications of the employed, as of the prices paid by other employers. Therefore, it seems proper to permit either party to require the witness to submit his premises to the jury , that any error, either in the major or minor propositions, or in the conclusion, may be corrected. The witness may have takeu a view of the subject too limited ; the facts from which he has drawn his inferences are of higher consideration and more satisfactory than the inferences without the facts ; and the true inference of the jury from relevant facts, is the end proposed in submitting the case to their consideration. We can perceive, therefore, no illegality, but much propriety in permitting the witness to state what Mr. Wooldridge, as well as Mr. Bryant, or any others, had received for their services as storekeepers and accountants, the reason of the difference in their wages, if any, and the comparative claims of Wooldridge and the intestate to wages in similar employments. The opinon of the circuit court, therefore, upon that point was erroneous.
The second question presented respects the propriety or impropriety- of the opinion of the judge delivered to. the jury on the subject of interest. According to settled principles, the claim of interest on the subject in controversy ought to have been disallowed by the jury, and the court should have given the instruction asked ior. In Harris vs. Benson, 2 Str. 910, the court declared that interest had never been allowed barely for money lent without a note. On money due for goods sold and delivered no interest shall be allowed, 1 *327 Barnes’s Notes 157, 3 Wilson 206. In Loyd vs. Williams, 2 Atk. 108, the chancellor declared that debts by simple contracts do not carry interest in their nature, and that the court would not direct it to be paid. And it seems to be well settled that neither in law n6r in. equity shall an unliquidated demand carry interest.— Draper’s company and others vs. Davis, 2 Atk. 211 — Barwell vs. Parker, 2 Vez. 363 — Earl of Bath vs. Earl of Bradford, 2 Vez. 587; see, also, Henry’s ex’r. vs. Risk & al. 1 Dallas, 265, and the cases there cited ; and those cited by Fonb. in his treatise of equity, 2 vol. p. 428-9, and note. From hence it appears that the instruction asked for on the subject of interest was proper, and the instruction of the court illegal. The evidence was of a contract implied by law, unliquidated, and in its nature not to be adjusted but by the concurrence of both parties, or by the assessment of a jury.
Judgment reversed.