CASE 52—ACTION BY LOGAN COUNTY AGAINST THE FIDELITY & DEPOSIT
CO. OF MARYLAND AS SURETY ON THE SHERIFF'S BOND OF SAID
COUNTY, TO RECOVER TAXES FOR WHICH THE SHERIFF HAD DE-
FAULTED.—JAN. 10.

# Fidelity & Deposit Co. of Maryland v. Logan County.

APPEAL FROM LOGAN CIRCUIT COURT—W. P. SANDIDGE, CIRCUIT JUDGE.

FROM THE JUDGMENT BOTH PARTIES APPEAL. REVERSED ON DIRECT
APPEAL AND AFFIRMED ON CROSS APPEAL.

TAX COLLECTOR—ACTION ON BOND—FAILURE TO SETTLE—PENALTIES—
INTEREST ON PENALTIES—CONCLUSIVENESS OF JUDGMENT—REPEAL
OF STATUTE—INTEREST ON JUDGMENT.

1. Kentucky Statutes 1903, section 4146, providing for the ap-
pointment of commissioners to settle with the sheriff, and for
proceedings to that end, is not an exclusive remedy, and does
not prevent a direct action by the county on the bond of the
sheriff, who has failed to settle with the county and has absconded.

2. Kentucky Statutes 1903, section 4146, provides for the appointment
of commissioners by the fiscal court to settle with the
sheriff, and that such settlement be filed with the county clerk,
and then lie over for exceptions to be tried by the county court,
with right of appeal to the circuit court by either party. HELD,
that such settlement with a sheriff, duly recorded in the fiscal
court, from which no appeal was taken, is binding on the county.

3. A settlement with the sheriff, which was not recorded in the
office of the county clerk, as required by Kentucky Statutes 1903,
section 4146, is a nullity.

4. A judgment of the circuit court on appeal from the county
court on exceptions to a settlement with the sheriff, declaring
that the sheriff should not be charged with penalties for failure
to collect certain taxes, is *res judicata* in an action by the county
on the sheriff's bond.

5. The 6 per cent. penalty for which a taxpayer is liable for failure
to pay his taxes on or before December 1st (Kentucky Statutes
1903, section 1885), belongs to the county, and, when collected
or collectible, the sheriff is liable therefor to the county as he is
for other taxes.

6. Kentucky Statutes 1903, section 4147, provides that, if the sheriff fails to collect and pay over to the county all the collectible taxes in his hands for the previous year by January 1st, he is liable to the county for a penalty of 6 per cent. on the amount so collected or collectible by him, and not paid over. HELD, that this penalty is calculated on the total sum due the county on January 1st, after it becomes due, whether for taxes and penalties collected from the taxpayer, or for taxes and penalties collectible and not collected.

7. The penalty of 6 per cent. for which a sheriff is liable for failure to collect and pay over taxes does not draw interest.

8. The report made and recorded by commissioners appointed by the fiscal court pursuant to Kentucky Statutes 1903, section 4146, to make a settlement with the sheriff, which was made in the absence of the sheriff, and after he had absconded, can not be treated as a settlement binding on the sheriff and his sureties.

9. 1 Acts 1885-86, pages 1213-1217, chapter 532, provides for the selection of three sinking fund commissioners, one of whom, being treasurer of the fund, directs the levy of a tax for payment of interest, and to create a fund for the ultimate payment of bonds executed by the county in settlement of a railroad subscription, directs the sheriff to collect this tax, and provides for a settlement by the sheriff with the sinking-fund commissioners, and payment of the taxes collected to the treasurer at certain intervals: HELD, that a settlement by the sheriff with the sinking-fund treasurer of the taxes collected for that fund is not binding on the county.

10. 1 Acts 1885-86, pages 1213-1217, chapter 532, providing for a levy of a tax by commissioners for a sinking fund for the payment of county railroad bonds, was superseded by the Constitution of 1891, and Kentucky Statutes 1903, sections 1833-1885, enacted in conformity thereto, creating the fiscal court and regulating the levy and collection of county taxes.

11. Under Kentucky Statutes 1903, section 2220, providing that a judgment shall bear legal interest from its date, a judgment against a sheriff which includes penalties for failure to collect and pay over taxes as provided by law should bear interest at the legal rate, as the penalties and principal debt are merged.

BROWDER & BROWDER, FAIRLEIGH, STRAUS & FAIRLEIGH AND SIMS & GRIDER, ATTORNEYS FOR APPELLANT.

The salient provisions of the local act of the Legislature, authorizing the levy of the tax to meet the principal and interest of the bonds issued by the county in aid of the construction of the railroad, may be thus summarized:

1. The county court was authorized and directed to levy annually at its June term an ad valorem tax sufficient to promptly meet the semi-annual interest on the bonds as it matured and to create a surplus sufficient to pay the principal of the bonds on or before their maturity.

2. That all taxes levied under the act, except taxes due by corporations, shall be collected by the sheriff, and that he shall execute a special bond within fifteen days after the levy of the taxes.

3. That the county court, composed of county judge and justices of the peace, at its June term, 1866, shall elect three persons other than themselves commissioners of the sinking fund, one to serve one year, one two years and one three years, and at each June term thereafter one commissioner shall be elected, whose term shall be three years; that the commissioner having the shortest term to serve shall be the treasurer of the sinking fund, and he shall be required to give bond as such, and that it shall be the duty of the treasurer to receive all moneys due the sinking fund from the collector of taxes.

4. That the sheriff shall account and pay to the sinking-fund commissioners all taxes collected by him on or before the first day of June in each year, and that "it shall be the duty of the commissioners to make annual settlements with the collector of taxes, which settlements shall be by them returned to and filed with the county court at its annual June term."

5. That upon all taxes levied under the act and not paid by the first of April in each year, 5 per centum shall be added, and the collector shall collect and account for the same as all other taxes.

## AUTHORITIES CITED.

Ky. Stat., 1884, 4147, 4659, 4146, 4556, 1852, 4133, 932; Acts 1885-86, vol. 1 page 1213; Bates v. Knott County, 24 R., 73; Hardy v. Logan County Court, 15 R., 405; Reams v. McHague, 111 Ky., 163; 2 Acts 1867, page 75 and amendments; Montgomery County Court v. Chenault, 20 R., 704; Wade v. Mt. Sterling, 18 R., 377; Com. v. Tate, 89 Ky., 587; Fidelity & Dep. Co. v. Com., 104 Ky., 579; Gaskins v. Com., 1 Call (Va.), 194; State v. Lewenthall, 55 Mass., 589; People v. Gold, &c., Tel. Co., 98 N. Y., 67; Ormsby v. Louisville, 79 Ky., 197; L. & N. R. R. Co. v. Hopkins Co., 87 Ky., 605; K. C. R. Co. v. Pendleton Co., 8 R., 517; Newton First National Bank v. Turner, 3 Kan. App., 352; State v. Owsley, 17 Mont., 94; 16 Am. & Eng. Ency. of Law, 996, and cases cited; Johnson v. Logan County, 111 Kv., 698; Com., use, etc. v. Moren, 25 Ky. Law Rep., 1635; Om    'ard County, 8 Bush, 611;

Fidelity & Deposit Co. of Maryland v. Logan County.

26 Am. & Eng. Ency. of Law, 739; Pearce v. Mason County, 99 Ky., 357; Mauget v. Plummer, 107 Ky., 41; Louisville v. Louisville Water Co., 105 Ky., 754; Brann v. Hart, 97 Ky., 735; Peachy v. Somerset, 1 Stra., 453; Clark v. Barnard, 108 U. S., 437; Pulaski County v. Watson,, 106 Ky., 500; Pence's Admr. v. Nelson County, 107 Ky., 66; Cason v. Cason, 79 Ky., 558.

S. R. CREWDSON, JAS. H. BOWDEN AND GEO. W. MERRITT, ATTORNEYS FOR LOGAN COUNTY.

Our contention is that under the statutes the following facts appear:

1. That the fiscal court has the power to levy a tax, to-wit: County ad valorem tax and a poll tax for ordinary county expenditures, and

2. The power to levy a tax to pay the interest on the railroad debt and of creating a sinking fund to retire same at maturity. And this levy may be made either at the October term or at the April term or any special term.

3. On all taxes not paid on the first day of December in the year following the assessment there is a penalty of 6 per cent. additional, which penalty becomes a part of the taxes, and, therefore, after the first day of December a person owes the tax plus the 6 per cent. penalty, and it is the duty of the sheriff to collect these taxes plus the 6 per cent. penalty and account for same.

4. It is the duty of the sheriff to pay over on proper demand to the parties or fund entitled thereto on the first day of January of each year all taxes collected by him for said year, or collectible, and he is therefore chargeable with the penalty of 6 per cent. on such taxes as he may have collected to said date and on such taxes as remain uncollected on said date, if collectible.

5. The order appointing a commissioner to settle with the sheriff should be made by the fiscal court at its October term, and the settlement should be made on or of the first day of January following.

## AUTHORITIES CITED.

Montgomery County v. Chenault, 20 R., 704; McTigue v. Com., 92 Ky., 66; Joyes v. Jefferson Fiscal Court, 21 R., 199; Richardson v. Boske, 23 R., 634; City of Hawesville v. Board of Education, 99 Ky., 293; Pierce v. Mason County, 99 Ky., 363; Trustees v. Morris, 24 R., 1430; O'Mahoney v. Bullock, 23 R.; Bates v. Knott, 24 R., 73; Com., for, etc. v. Moren, 25 R., 1635; Combs, &c. v. Crawford, 102 Ky., 404; Ky. Stat., secs. 932, 1833, 1838, 1839, 1882, 1883, 1884, 1885, 4143, 4146, 4147, 4251.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

M. A. Neely was sheriff of Logan county for the years 1898, 1899, 1900, and 1901. Having executed bonds, he was the collector of the county levy for those years. He also executed bond each year as collector of a railroad tax levied to pay the interest and to create a sinking fund to pay a railroad bonded debt owing by the county. Appellant was sole surety upon each of these bonds. Neely defaulted. This suit was brought by the county against the surety to re-cover on the several bonds the sums alleged to be due as balances of the taxes for each of the years named. The suit was to recover $28,445.81 in the aggregate, but the judg-ment was for $17,414.31. Both parties have appealed.

Appellant contends that the petition is insufficient to up-hold any judgment. This argument rests upon the asser-tion that until the sheriff has settled his accounts with com-missioners appointed by the fiscal court, and until such set-tlement is confirmed, no action will lie against the sheriff; that the county is limited in its remedy to a proceeding under section 4146, Kentucky Statutes, 1903, which authorizes the fiscal court at its October term to appoint commissioners to settle with the sheriff, and provides that such settlement shall be filed in the county court clerk's office, and then lie over for exceptions to be tried by the county court, with right of appeal to the circuit court to either party. But this section is not exclusive of all other proceedings where the sheriff refuses to settle at all, or absconds and fails to settle. Excepting two of the years in suit, the circuit court found (and we think correctly so) that there had been no such settlement, and no settlement whatever by the sheriff. He had left the State, and kept beyond its jurisdiction. This suit brought against the surety    have the circuit court de-

termine and adjudge the true amount due by the sheriff was a proper proceeding. The petition stated fully every essential of a cause of action on the bonds.

The record shows the amount of taxable property assessed in Logan county for each of the years, and the number of tithes. The rate of levies made by the fiscal court for each year makes it a simple matter of calculation to find the total sum chargeable to the sheriff for each year. Exonerations and delinquents allowed are also shown, which, deducted from the total of taxable property assessed, leaves the sum upon which the sheriff's statutory commissions are calculated, except where he collects penalties from taxpayers, or is being charged with them as being collectible, in which event he ought, of course, to be credited with commission for collecting them, as if they were taxes. Deducting the credits named leaves the sum payable by the sheriff, not counting penalties and interest chargeable to him for his own failure to pay over the taxes as required by the statutes. Receipts from the treasurer or other persons to whom the fiscal court had ordered the money paid, deducted from the last-named remainder, show the net amount of taxes collected and collectible for any one year, for which the sheriff and his surety are liable to the county, if the sheriff pays it over when due.

The foregoing is the basis upon which the circuit court proceeded. For the years 1898 and 1899 it appears that the sheriff actually made settlements with commissioners or committees appointed by the fiscal court concerning the county levy and poll taxes, but not including the railroad tax. For the year 1898 the settlement was filed in the county court clerk's office, where it was excepted to by the sheriff. The sum finally found due upon that settlement the sheriff paid to the county, to the persons as ordered by the

fiscal court. The same is true as to the year 1899, except the record does not show the settlement made and filed in the county court clerk's office. But it is shown by the record that the fiscal court, by an order entered upon its order book, recited that such settlement had been made and recorded, and directed the sheriff to pay the balance stated as having been found due the county, and the sheriff paid it. The circuit court found that the settlement had in fact been made and recorded as required by the statute (section 4146), and, as it had not been appealed from or otherwise set aside in any suit or proceeding appropriate for the purpose, was binding on the county. We think the circuit court gave to this statute its true meaning. It is necessary that these settlements concerning the fiscal affairs of the county be conducted in some forum where expedition in closing them may be had. Unless when so completed they are to have some other effect than mere memoranda, subject to be ignored or collaterally attacked by either party at any time, they are worse than useless. While the settlements might be subject to be reopened and surcharged for fraud practiced, or other ground for a new trial, after the expiration of the term of the court adjudging them to record, if asserted within seasonable time, yet, after the time allowed for a review upon appeal, they are final. Although it is shown that the commissioners making the settlements for the years 1898 and 1899 allowed errors against the county, the settlements, when so recorded, are not subject to the collateral attack attempted by this suit.

For the year 1900 no such settlement was made and filed, though a settlement was made and filed in the fiscal court. But it was ordered by the court to be withdrawn on the same day it was filed, and was never filed in the county court for exceptions, nor ordered to record by that tribunal. The

Legislature has provided an expeditious and simple method of carrying such settlements into a concluded state. Where the proceedings stop short of the course fixed by the statute, they can have none of the benefits or presumptions accorded to them as are to those which do conform to the statute. The public, as well as the county as a corporation, are interested in the prompt collection and honest and legal disbursement of the county revenues. These settlements, when so recorded, are valuable checks upon the fiscal agents of the public, as well as constituting conclusive evidence of fixed indebtedness or of discharge from liability. To give to other settlements, though completed as between the parties, but not recorded as required by the statute, the same effect, would be to thwart the good purpose of the statute by rendering it useless. For the year 1900 the circuit court therefore proceeded as if no settlement had been attempted. For the year 1901 there was no settlement. Thus the original indebtedness of the sheriff to the county on account of the county levy and poll taxes for the years in suit was fixed by the circuit court upon the proper basis.

In addition to the foregoing was the question of penalties and interest. For the year 1898 the commissioners had charged penalties against the sheriff for taxes not collected and paid over within the time fixed by statute. The sheriff filed exceptions in the county court, where the judgment was against him. Upon appeal to the circuit court, it was adjudged that the sheriff was not liable for the penalties. In this action the trial court held that, inasmuch as that judgment on the appeal had been reversed or vacated, it was binding upon the county as *res adjudicata*. In this we concur. But the circuit court adjudged that for other years the question of the sheriff's liability for penalties was not

affected by the judgment alluded to.  In that conclusion we concur also.

If the taxpayer does not pay his taxes on or before December 1st of the year in which they are due, a penalty of 6 per cent. is added against him, which must be collected by the sheriff as the taxes are.  The penalty goes to the county (section 1885, Kentucky Statutes, 1903), and, when collected or collectible, the sheriff is liable for it to the county, precisely as he is for the taxes.  By section 4147, Kentucky Statutes, 1903, if the sheriff does not collect and pay over to the county all the collectible taxes in his hands by January 1st after the year in which they were due and payable, he is liable to the county for a penalty of 6 per cent. on the amount so collected or collectible by him, and not paid over. This last-named penalty is against the sheriff, and is calculated upon the total sum due the county by him on January 1st after it became due, whether for taxes and penalties against the taxpayers collected, or for taxes and penalties collectible, but not collected.  The money collected by the sheriff upon taxes and penalties due the county, and taxes and penalties collectible, but not collected, are treated as debt due by the sheriff to the county on January 1st after they become due.  They constitute, then, an obligation to pay money, and upon their total the sheriff is liable for interest to the county at 6 per cent. per annum from that date until paid.  The interest is entirely different from, and is in addition to, the penalty of 6 per cent. upon the gross sum due and unpaid on January 1st.  The penalty is a cumulative remedy imposed by statute as additional incentive to the prompt payment of the county revenues by the collecting officer.  So far the trial court proceeded in accord with what has just been said in entering judgment herein.  In addition, the court adjudged interest at 6 per cent. per an-

num upon the penalties adjudged against the sheriff for his
nonpayment of the sums due January 1st of each of the
years in suit, as to the railroad taxes, and like interest upon
the penalty adjudged upon the county levy for the year 1901.
The penalty of 6 per cent. against the sheriff is not a debt,
though it is a liability covered by the bond. The statute
does not make it bear interest, and the general rule is that
statutory penalties do not bear interest.

Counsel for appellee urge that the interest upon the pen-
alties is too small to justify a reversal of the judgment, for,
he says, payments were made in so short a time after the
penalties against the sheriff attached, which more than sat-
isfied them, that the amount of interest accumulated is in-
considerable. Payments applied by operation of law must
first go to extinguish interest-bearing liabilities. As the
payments made were not sufficient to discharge the interest-
bearing obligation of the sheriff, it follows that, by adjudg-
ing interest upon the penalties, where all were calculated
as of the same rank, and added together when payments
were credited, the effect is that the interest continues even
until now upon the penalties, under the form of the judg-
ment. The penalties amount to several thousand dollars,
and the interest carried into the judgment on their account
is too considerable to pass unnoticed.

For the year 1900 the court did not adjudge a penalty
against the sheriff for his failure to pay over the county levy
and poll taxes to the county, because there was no person
to whom he was ordered to pay them; there being no treas-
urer at that time. This was in accord with the decisions in
Bates v. Knott Co., 67 S. W., 1006, 24 Ky. Law Rep., 73,
and Pence's Admr v. Nelson County, 53 S. W., 25, 21 Ky.
Law Rep., 724.

After the sheriff had made default, and after the expira-

tion of his term of office, and probably after he had left the
State, the fiscal court appointed commissioners (Clark and
Milliken) to make settlement with the sheriff for all the
years of his term. They proceeded to do so, ignoring all the
previous settlements. They charged the sheriff with all the
penalties and interest herein discussed, calculating the in-
terest to the date of their report, which was the 1st day of
June, 1902. The court corrected the report as indicated
above as to the years 1898, 1899, and 1900, as well as al-
lowed the credit for 1901, discussed below, but in other re-
spects adopted the report as the basis of the judgment; bring-
ing the whole indebtedness, including that for railroad taxes
collected, and hereinafter discussed, down to that date—
June 1, 1902. Interest at 6 per cent. per annum on this
total sum was then calculated to the date of the judgment,
23d February, 1904, and judgment entered for that gross
sum, and interest from the last-named date till paid. We
are of opinion this was error. Not only was it improper to
adjudge interest upon the penalties against the sheriff for
nonpayment of what he owed, but it was not proper to com-
pound interest. The Clark and Milliken settlement was made
after the sheriff left the State, or, at any rate, after his
term of office expired, and after the time fixed in the stat-
ute. This attempted and *ex parte* settlement was no more
than a carefully prepared estimate by capable accountants
of what they deemed to be due the county by the sheriff. It
was not a settlement as contemplated by the statute, where
both sides were represented, in an effort to arrive at the
true amount of the indebtedness. It can not, though filed
in the county clerk's office and recorded, be treated as a con-
firmed settlement made under the statute. The sheriff, not
being a party ot it, can not be cut off without "his day in
court," from presenting his side of the account. Common-

wealth v. Moren, 78 S. W., 432, 25 Ky. Law Rep., 1635. The circuit court took this view of the Clark and Milliken settlement.

For the year 1900 the sheriff is shown to have paid to various persons to whom allowances had been made by the fiscal court sums aggregating $6,654.50, represented by 111 fiscal court warrants or orders of allowance. The evidence is uncontradicted that the sheriff paid these sums for the county. Their validity is nowhere questioned. For that year there being no county treasurer, it was the sheriff's duty to have paid them out of the county levy funds in his hands, and he should have been credited accordingly. The circuit court properly allowed the sheriff credit for them.

The railroad taxes form a separate basis of contention in this case. The tax was levied originally by virtue of a special statute applicable alone to Logan county, approved April 7, 1886. 1 Acts 1885-86, pp. 1213-1217, c. 532. That act provided for the selection of three sinking-fund commissioners by the county court of claims, the one of whom whose term of office was shortest being *ex officio* treasurer of the sinking fund. It directed the levy of a tax sufficient to pay the interest semi-annually, and to create a sinking fund for the ultimate payment of the bonds which had been executed by the county in settlement of a railroad subscription made by it. The act provided that the sheriff should be collector of this tax, for a settlement by the sheriff with the sinking fund commissioners, and that he should pay the taxes collected by him on account of the railroad debt to the sinking fund treasurer at certain intervals. What happened is that the sheriff collected these taxes and paid them over—some part of them for each year—to the treasurer of the sinking fund. But he never paid all collected or collectible by him for any one year within the time specified in the act or at

all. Nor did he ever settle his accounts for those taxes with
the sinking fund commissioners, nor were commissioners ap-
pointed for that purpose by the fiscal court. He made no
settlement whatever of his railroad tax with the fiscal court.
If he settled with the treasurer of the sinking fund, such
settlement is not produced or accounted for, though various
settlements of the treasurer's accounts made annually, stat-
ing that he had received so much from the sheriff on account
of taxes collected by him, and indicating some sort of settle-
ment or accounting between him and the sheriff by which
the amount due by the sheriff for such years was arrived at,
are shown in the record. It is the contention of appellant
that these treasurer's settlements—of his own accounts, not
the sheriff's—when received by the fiscal court and ordered
to record, were conclusive against the county of the state
of the sheriff's accounts for each of the years for the railroad
taxes collected or collectible by him. The treasurer of the
sinking fund did not charge the sheriff with any penalties
or interest in his so-called settlements. These alleged set-
tlements between the treasurer of the sinking fund and the
sheriff are not binding upon the county, nor conclusive, in
any sense, of the state of the sheriff's accounts. In the first
place, there was no authority, statutory or otherwise, for
the treasurer of the sinking fund to make such settlements.
If the commissioners were authorized to do so, they did not.
In the next place, the treasurer's settlement of his own ac-
counts, which was confirmed by the county court and ap-
proved by the fiscal court, merely recited what sums he had
received from the sheriff. The further statement that the
sheriff owed so much, and no more in addition, was wholly
outside of the scope of the treasurer's own accounts, and
formed no part of his settlement. The confirmation of the
report on this point meant no more than that the treasurer

had received only the sums charged against him in the settlement as having been paid by the sheriff.

Appellee contends, and the circuit court so adjudged, that the act of 1886 was superseded by the Constitution of 1891, and sections 1833 to 1885, Kentucky Statutes, 1903, passed in conformity thereto, creating the fiscal court, and regulating the matter of levying and collecting county taxes. Prior to the Constitution of 1891 the county court, or the county court of claims, as it was sometimes called to distinguish it from the county court, presided over by the county judge alone, had jurisdiction of the fiscal affairs of the county. Under the present Constitution, and sections 1833-1893, Kentucky Statutes, 1903, sole and exclusive jurisdiction is given the fiscal courts of the several counties of the levy and collection of the county taxes, for whatever purpose they may be imposed. If the debt were created under a previous general or local act, it remained an obligation of the county till discharged. No subsequent statute could impair its validity. Yet it was within the power of the Legislature to change the method and time of collecting taxes for paying the debt. It was also competent to change the rate of taxation, and regulations affecting penalties for nonpayment of taxes, as well as all matters pertaining to tax collectors' liabilities and duties, so long as the change did not impair the obligation of the contract by which the original debt was created. When the Legislature, by sections 1833 to 1885, Kentucky Statutes, 1903, made it the duty of the fiscal court to levy the tax, and to provide for its collection and proper application, as well as the manner and time of its collection, those provisions must be deemed as creating a new and comprehensive system of law on the subject, superseding preceding general and local statutes covering the same subject. Although section 1882 of the Kentucky Statutes, as compiled by Carroll, con-

tains what might seem to be a prohibition against the levying of taxes to pay off railroad bonded indebtedness and interest, yet it must be read in connection with section 1839, which does authorize the levying of taxes to pay off all debts existing prior to September 28, 1891—the date of the adoption of the new Constitution. Section 1882 was adopted first, by several months, though both it and section 1839 were adopted by the same Legislature. Section 1882 limits the imposition of a tax to not more than fifty cents on the $100, and $1.50 poll, for county purposes. No part of this tax, it seems, was intended to be applied to the payment of railroad bonded debts and interest. But section 1839 permits, as does section 157 of the Constitution, the levy of an additional sum for the purpose of discharging all debts incurred prior to September 28, 1891. Section 1884, Kentucky Statutes, 1903, makes the sheriff the collecting officer of all county taxes, if he execute bond therefor. It fixes his compensation, though it increases it as compared to that allowed by the special act of 1886. Section 1885, Kentucky Statutes, 1903, applies to the collection of county taxes the same penalties for nonpayment, both as to the taxpayer and the collecting officer, as pertain to State taxes. It also makes county taxes due at the same time as State taxes. The local act of 1886 had different provisions on these subjects. The taxes were due at different periods and the penalties were not the same for their nonpayment, so far as the act applied to the collecting officer. We think the Kentucky Statutes were intended to cover all these matters, and to do away with the irregular and special proceedings previously existing. One of the most prominent features of the new Constitution is its effort to establish a uniformity of the law throughout the State. One of the main abuses that brought the convention into being was the great confusion arising

from the mass of special and local statutes which had been passed under the old Constitution. This manifest purpose should be given full effect in the construction of laws passed to carry it into force.

There is no part of the act of 1886 concerning the collection of the railroad tax in Logan county not covered by the present general law. The appointment of sinking fund commissioners, and the exercise of duties to be performed by them, are not prohibited by anything in the general law. But if it be thought that there was anything in the local statute that gave the county the right to avail itself of the service of commissioners for its sinking fund, which by the general law is not given, then by the closing sentence of section 1840, Kentucky Statutes, 1903, concerning the jurisdiction and powers of the fiscal courts generally, it is provided: "And [the fiscal court] shall have jurisdiction of all such other matters relating to the levying of taxes as is by any special act now conferred on the county court of levy and claims." The existence of a valid debt owing by the county, and the express authority to levy taxes to pay it, involves and allows the right to create a sinking fund to meet the debt when it matures. If it be deemed expedient by the fiscal court to avail itself of the services of other persons as commissioners to hold and employ such funds unto the day when they may be required to discharge the debt for which they have been raised, we see nothing in the statute to prohibit it. On the contrary, it seems to be well within the expression in section 1840, Kentucky Statutes, 1903, concerning the jurisdiction of fiscal courts, "to regulate and control the fiscal affairs and property of the county, . . . and to execute all of its orders consistent with law and within its jurisdiction." The act of 1886 making it the duty of the sheriff to settle his accounts with the sinking fund

commissioners is superseded by sections 1884, 4146, Kentucky Statutes, 1903, making it is his duty to settle once each year, at the October term of the fiscal court, and as often as that court may require. By section 1884, Kentucky Statutes, 1903, the sheriff is required to pay over all taxes and penalties collected by him "in due time to the proper party as directed by the court." Where there is a county treasurer, this must be done every sixty days, without demand. Section 932, Kentucky Statutes, 1903. By section 4147 the sheriff is required to pay a penalty of 6 per cent. on taxes collected or collectible, which "shall not have been paid by him on proper demand to the parties or funds entitled thereto, on the first day of January in each year after he was required to collect such taxes." In this case it appears that the sheriff's bond required him to pay over the money collected by him as stipulated in the special act of May, 1886 (1 Acts 1885-86, p. 183, c. 1233), which was a sufficient designation by the fiscal court, so far as the sheriff and his surety are concerned, of the person to whom to pay it. The annual election of a sinking fund commissioner of railroad taxes is also shown. The treasurer of the sinking fund says he demanded of the sheriff the payment of the taxes. There being a person designated by the county to receive the money for it from the sheriff, it was his duty, under the statute, to pay it over on demand after it was due. By his failure to do so, he has incurred the penalty fixed by the statute. The sheriff's duty to pay over the taxes collected by him is not in abeyance till he has settled. The settlement might precede or follow the payment.

he circuit court, in its judgment, seems to have proceeded upon the foregoing basis in the adjustment of the sheriff's liabilities for the railroad taxes. When the whole of the sheriff's liability is ascertained under the foregoing princi-

ples, it is competent to reduce them to a single sum, and to render judgment for that sum, which will bear interest from the date of the judgment.    Section 2220, Kentucky Statutes, 1903.   For then penalties and interest already accrued are merged, as is the principal adjudged, into the judgment for money, which must bear interest.

The judgment of the circuit court is affirmed on the cross-appeal, but is reversed on the direct appeal.   The cause is remanded, that a judgment may be entered in conformity herewith.