## Clarke v. Commonwealth, for Use of Rockcastle County Board of Education.

(Decided February 4, 1930.)

C. C. WILLIAMS and S. D. LEWIS for appellant.

B. J. BETHURUM for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

D. G. Clarke was the sheriff of Rockcastle county for the term beginning in 1922. During the years 1922 and 1923 he made several applications to the fiscal court to appoint a commissioner to settle with him. The court made four appointments of a commissioner for this purpose, but each of the four men declined to act. Thus things ran along until a fifth appointment was made. This commissioner accepted the appointment. He made a settlement for the year 1922 on January 4, 1924. This showed that Clarke owed the school board $2,132.83, and he immediately gave the board a check for this amount. The settlement was filed in the county court and confirmed without exception. That settlement showed he had made previously to the board these payments: "October 13, 1922, $1,808.34; December 6, 1922, $4,000.-00; January 12, 1923, $3,191.66; February 10, 1923, $2,-000.00; March 17, 1923, $1,000.00; October 13, 1923, $4,-000.00." On March 13, 1925, the same commissioner made a settlement with him for the school taxes for 1923, which showed that he then owed the county board $714.-97. He gave the board at once a check for this amount. The settlement was filed in the county court and duly approved. It showed that he had previously made to the county board these payments: "October 13, 1923, $1,-764.80; November 10, 1923, $2,500.00; December 7, 1923, $4,235.20; January 11, 1924, $1,200.00; February 8, 1924, $800.00; March 7, 1924, $1,000.00; April 19, 1924, $300.00; May 24, 1924, $200.00; July 9, 1924, $100.00; August 16, 1924, $2,000.00; October 31, 1924, $4,000.00." On December 1, 1926, the county school board filed this action to surcharge these settlements, alleging that the sheriff was charged in the settlements nothing for interest or penalty on the amount he paid over after December 1 of each year, and prayed judgment against him therefor in the sum of $1,625.53. The issues were made up, proof was heard, and on final hearing the circuit court entered judgment against the sheriff for $439.67, with interest

from January 4, 1924, also the further sum of $381.83, with interest from August 8, 1924. These amounts were arrived at by charging the sheriff a penalty of 6 per cent. automatically on the balance due by him on December 1 of each year and also interest on the balance due from December 1 of each year. The sheriff appeals.

The case turns on the proper construction of the statutes in force during these years; for the rights of the parties must be determined on the statute as it then was, and not under the statute in force in former years or under the present statute. Sections 4146, 4147, 4148, Kentucky Statutes, then provided as follows:

"Each sheriff or collector shall, when required by the fiscal court, settle his accounts of county or district taxes, and at the regular October term of each year the fiscal court shall appoint some competent person other than the commonwealth's or county attorney to settle the accounts of the sheriff or collector of money due the county or district." Section 4146.

"The sheriff or collector of the state and county revenue of each county of this commonwealth shall, on the first day of May, June, July, August, September, October, November and December in each year, report under oath to the county court of his county the amount of state and county taxes he has collected, together with all fines, forfeitures or money, or any other account that shall have been received or collected by him, showing in said report the amount collected for and belonging to each particular fund, for which such revenue or money may be intended, and the disposition of such revenue or money collected by him. Said report shall be filed and recorded in a separate book furnished by the county clerk for that purpose, which shall be open for inspection in the office of the county clerk. Any sheriff or collector who shall fail to report as herein required shall be liable to indictment in the county of his residence, and fined not less than one hundred dollars ($100.00) nor more than five hundred dollars $500.00) for each offense." Section 4147.

"All state, county and district taxes, except as otherwise specially provided, shall be due and payable on and after the first day of March after the assessment, and all taxpayers whose taxes are not

paid on the first day of December after the same are due shall be deemed delinquent, and such taxes shall bear interest at the rate of six per cent. (6%) per annum from the first day of December after they are due until paid; and any person or persons failing to pay their taxes by the first day of December in the year following the assessment for such taxes, shall pay a penalty of six per centum (6%) additional on the taxes due and unpaid. The sheriff or collector whose duty it is to receive or collect the taxes shall collect the interest and penalty and account for the same in the same way in which they are required to collect and account for the taxes." Section 4148.

Section 4399a-8, Kentucky Statutes, also provides as to the school tax as follows:

"The county board of education, by an order entered of record on its books may require the sheriff to make monthly settlements of the taxes collected by him under the provisions of this act. The fiscal court shall annually make a settlement with the sheriff for the taxes collected under the provisions of this act in the same manner as now provided for by law for the settlement of state and county taxes and a copy of said settlement must be filed with the county board of education."

The only thing in question is the school taxes, and the only complaint is that Clarke has not paid interest on the money he collected and was charged with no penalty after December 1 of each year on the school fund. The difficulty in the matter seems to have arisen in this way: There are three graded schools in the county. The lines of these districts were not clearly established, and some property owners had property partly in one of these districts and partly outside of it, and the exact amount of tax going to the county school board had not been determined. As shown by its record, the county school board entered these orders:

December 9, 1922. "It is this day ordered by the County Board of Education that this treasurer demand of sheriff, D. G. Clarke, to make a settlement each month of all funds collected by him."

January 12, 1924. "By unanimous vote the settlement of D. G. Clarke, objected and rejected for

the reason that said Clarke failed to pay all the funds due, that is penalty and interest on funds paid over to the Board.''

February 9, 1924. ''The County Board of Education demand that you, D. G. Clarke, Sheriff of Rockcastle County, pay penalty and interest on all the funds paid over to the treasurer after December 1, 1922, until date of settlement, January 4, 1924, taxes for 1922 levy.''

March 8, 1924. ''By a unanimous vote, the Rockcatle County Board of Education, agrees to take what penalty Sheriff D. G. Clarke has collected from December 1, 1922, settlement made in 1924, for 1922 taxes. Also penalty collected from December 1, 1923, until March 1, 1924, on 1923 taxes. D. G. Clarke agrees to pay over to said Board penalty on all taxes hereafter and to settle with the Board regularly at the close of each month.''

Penalties against a sheriff may be only enforced when allowed by the statute, and they must be fairly within the statute. They cannot be allowed upon doubtful construction. By section 4143, Kentucky Statutes, the sheriff shall be required by the auditor of public accounts to pay a penalty of 6 per cent. on all state taxes collected and unpaid by him on the 31st day of December in each year. But this section by its express terms refers only to the state revenue and has no application to county district taxation. We have not been referred by counsel to any statute in force at the time in question imposing a penalty on the sheriff for taxes not paid over by December 1 of each year, and we have found none. The statute before the court in Fidelity Co. v. Logan County, 119 Ky. 428, 84 S. W. 341, 27 Ky. Law Rep. 66, did so provide; but that provision was omitted in the revision of the statute. So much of the judgment therefore as adjudged a penalty of 6 per cent. against the sheriff on money not paid over by December 1 of each year was unauthorized.

Under section 4148, Kentucky Statutes, all taxpayers whose taxes were not paid by the 1st of December were delinquent, and such taxes bore interest at 6 per cent. from that time, and a penalty of 6 per cent. was added to the taxes. It was the duty of the sheriff to collect the interest and penalty and account for this in the same way as he accounted for the taxes. The sheriff is

responsible for this penalty and interest, but the petition does not set up this cause of action or seek a recovery therefor, and the record is not so prepared as to enable the court to tell what it amounted to. How much of the taxes was unpaid on December 1 of each year does not appear.

As to the question of interest, the rule is that interest does not run ordinarily upon unliquidated demands. Murray v. Ware, 1 Bibb, 325, 4 Am. Dec. 637; Harrodsburg Water Co. v. Harrodsburg, 89 S. W. 729, 28 Ky. Law Rep. 625; Varney v. Connolly (Ky.) 116 S. W. 340. The demand of the school board against the sheriff was unliquidated before the sheriff's accounts were settled. For until the settlement was made the amount he should pay the school board was not fixed. In Whaley v. Commonwealth, 110 Ky. 154, 61 S. W. 35, 40, 23 Ky. Law Rep. 1292, the court thus stated the ordinary rule in a sheriff's case: "Until the settlement was completed, and the amount due by the sheriff was properly ascertained, interest should not have been charged."

When the fiscal court did not have the settlements made annually as provided by the statute, the county board of education, under section 4399a-8, had authority to require the sheriff to make monthly settlement of the taxes collected by him for the board. The board on December 9, 1922, authorized its treasurer to demand of the sheriff that he make a settlement each month of all funds collected by him. The natural meaning of the order is that the treasurer should demand the sheriff to pay him each month all funds collected by him. This seems to be what the board really meant by the order, as shown by the evidence. It took no other action until the settlement was made in January, 1924, by the commissioner appointed by the fiscal court. The treasurer, under the order of the board, had made no settlement. The court therefore concludes that there was no settlement of the sheriff's account until the settlement was made by the commissioner finally appointed by the fiscal court. The purpose of the order of December 9, 1922, was not to obtain a settlement with the sheriff for the taxes collected before December 1, 1922. The sheriff did not know until a settlement was made how much he should pay the school board, and though he had made a number of applications to the fiscal court before this asking that a commissioner to make a settlement be appointed, the fiscal court had been unable to secure one.

734

There was never at any time any settlement between the school board and the sheriff, so that he would know what he should pay the school board. The claim of the school board was therefore unliquidated, and the sheriff on the facts shown was not liable for interest on the money until the settlement was made.

Judgment reversed, and cause remanded for a judgment dismissing the petition.