## Clark v. Bullock.

(Decided June 6, 1930.)

H. H. DENTON for appellant.

BETHURUM & BIRD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

D. G. Clark appeals from a judgment sustaining a demurrer to and dismissing a petition filed by him, wherein he prayed judgment for $12,000 against D. G. Bullock for having published, in the July 4, 1929, issue of the Mt. Vernon Signal, the following:

"To the People of Rockcastle County

"In the last issue of the Mt. Vernon Signal, D. G. Clark published a statement to the effect that he is making his race for Sheriff of Rockcastle County, on his past record as Sheriff of the county, and that the only unfair thing that he has ever been accused of had been decided in his favor, when it had been taken to the Court of Appeals. This statement is a clever thrust at the Rockcastle County Board of Education, which received a judgment against Ex-Sheriff Clark at the last term of the Rockcastle Circuit Court, April 27, for the sum of $1,672.77 which represents principal penalty, and interest upon funds that were not paid to the Rockcastle County Board of Education in the time prescribed by law.

"This judgment which the tax-payers are justly entitled to has never been appealed and is on record in the Circuit Court Clerk's office.

"D. G. Bullock, Secretary
"Rockcastle County Board of Education."

Collateral litigation throwing light on this opinion, may be found in Com. for Use, etc., v. Clark, Sheriff, 216

Ky. 516, 287 S. W. 983, and Clarke v. Com., etc., 233 Ky. 728, 26 S. W. (2d) 1041.

Our question is: Does Clark's petition state a cause of action? Clark alleges he was from Jan. 1, 1922, to Jan. 1, 1926, sheriff of Rockcastle county and was at the time of this publication a candidate for re-election. Thus we see Clark was a public man and hence his acts and conduct were subject to fair and reasonable comment and criticism, when truthful and made in good faith. See Democrat Pub. Co. v. Harvey, 181 Ky. 730, 205 S. W. 908; 36 C. J. 1286, sec. 292. Clark began by alleging the publication of the article, that it was false, wicked, and malicious, was made to injure him, etc.

If he had stopped there he had a good petition, but he began to particularize, to specify, and to point out wherein this article was false about as follows: (a) that no judgment for $1,672.77 was recovered against him; (b) that no part of it was principal; (c) that an appeal was then pending.

These particulars so specified we shall now discuss. As to (a) Clark anticipated that Bullock might make some such defense as is allowed by section 9 of our Constitution.

He denied the board of education had recovered a judgment for $1,672.77, but admitted it had obtained a judgment against him for $821.50. So far as the size of the judgment is concerned, that is not very material.

The obtention of a judgment against a public man for derelictions is bound to injure him, not so much because of its amount, but because he was derelict at all. Clark is simply mistaken in his specification. Paragraph (b) as to no part of this being principal, Clark overlooks the settled policy of this state that all partial payments are to be applied, first to the discharge of the legal interest then due and the remainder to be credited on the principal. This is often called "U. S. Rule," because it was approved in Story v. Livingston, 13 Pet. 359, 10 L. Ed. 200. Some of this debt had to be principal. There may be a principal debt without interest, but the law knows no such thing as interest without a principal debt. Necessarily some of this judgment was principal.

This brings us to his specification (c). Clark pleaded that, when this judgment was obtained against him by the board of education, he was granted an appeal to this court and at the time of this publication he had super-

seded the judgment, therefore he argues the statement that no appeal had been prosecuted is a mistake.

Our conclusion is that the alleged falsity of the matter pointed out in specification (c) standing alone is not defamatory, hence is not actionable.

The action of the court in sustaining a demurrer to this petition was not erroneous.

The judgment is affirmed.