CASE 107—ACTION FOR DAMAGES—MARCH 1.

# Richmond, Nicholasville, Irvine & Beattyville R. R. Co. v. Estill County.

APPEAL FROM ESTILL CIRCUIT COURT.

1. DAMAGES TO COUNTY ROAD—ELEMENTS.—In an action brought by a county against a railroad company for damages to a county road the danger to the traveling public from the proximity of the railroad to the county road is not a proper element of damage.

2. SAME.—Where the railroad company had the county road changed and had paid the damages incident to the change, no damage can be recovered for injury to the old road, unless it appears that the new road has not been put in order, in which event the damages are limited to the reasonable cost of putting it in order.

3. SAME.—The only damages recoverable in an action by a county against a railroad company for injury to a county road are the

R., N., I. & B. R. R. Co. v. Estill County.

reasonable cost of putting the county road in as good a condition as it was before the railroad was built.

RIDDELL & RIDDELL AND THOMAS W. BULLITT FOR APPELLANT.
(No brief on file.)

GRANT E. LILLY FOR APPELLEE.

1. The verdict of the jury is sustained by proper evidence and should not be disturbed.
2. Althougt the witnesses gave in gross the amount of damages, still by cross-examination the appellant got separately and distinctly the items constituting the amount.
3. The demurrer to the petition should have been overruled.
4. THE DEMURRER TO THE —— PARAGRAPH OF THE DEFENDANT'S ANSWER WAS PROPERLY SUSTAINED.—While the Legislature may authorize by implication or by express language of the charter, a railroad company to occupy a highway, still they can not do so without compensation first being made to the owners of the highway.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellant's proposed line of railroad crosses and runs along with the county road leading from the town of Irvine, in Estill county, to Whynot, in Lee county. This action was brought by appellee to recover damages to the highway from the building of the railroad, and a recovery was had in the court below for the sum of $8,000.

On the trial, the court allowed proof to be made by a number of witnesses that the running of the railroad across or near the county road endangered those traveling on the county road; and the witnesses were allowed to state that, in their judgment, the damages to the county road amounted to $10,000. It also appeared that, by appropriate proceedings in the county court, appellant had the county road changed, and had paid the damages for the change of the road. The orders of the county court changing the road do not contemplate that two roads shall be kept

up, for this was not the purpose of the application. But, on the trial in the court below, the court refused an instruction asked by the appellant to the effect that no recovery could be had for damages to any part of the road where it had been changed by order of court or appellee's consent.

A railroad running near a county highway necessarily endangers travel on the county road; but the county has no cause of action for this, and the court should not have allowed any evidence on this subject to have gone to the jury. The testimony as to the amount of damage to the road should have been confined to the reasonable cost of putting the county road in as good condition as it was before the railroad was built, without reference to danger of travel on the road from the proximity of the railroad.

There should have been no recovery for that part of the road which had been changed, unless it appeared that the new road had not been put in order, and then the recovery should be limited to the reasonable cost of putting it in order. The judgment is reversed, and cause remanded for further proceedings not inconsistent with this opinion.