CASE 40.—ACTION BY FLOYD COUNTY AGAINST THE BIG SANDY RAILWAY CO. FOR DAMAGES FOR DESTROYING A PUBLIC HIGHWAY.—April 17.

## Big Sandy Ry Co. v. Boyd County

Appeal from Floyd Circuit Court.

D. W. GARDNER, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Highways—Proceedings to Vacate—Ky. St., 1903, section 4289, provides that all applica'ions to have a road changed or discontinued shall be by petition to the county court upon the notice provided for by section 4290. Held, that the only way in which a public highway could be suspended or vacated was by an order of the county court made in accordance with section 4289, 4290, and that a parol agreement by the county judge was insufficient to authorize a change in a public highway.

2. Jury—Competency—Citizen of County—Citizens of a county, by reason of that fact alone, are not disqualified to serve as jurors in an action brought by the county to recover damages against a railroad company for the destruction of a public highway.

3. Highways—Destruction by Railroad—Action for Damages— Measure of Damages—Inconvenience or injury to the travel-

ing public by reason of the destruction of a public highway by a railroad company cannot be considered in estimating the damages sustained by the county, but only the cost of pu ting the road in as good a condition as it was before the railroad was built.

WALTER S. HARKINS for appellant.

W. H. WADSWORTH and F. T. D. WALLACE of counsel.

There is no evidence in the record upon the question of value or damages. The only question upon the subject of damages that was competent is "what would it cost to put the road in as good shape as it was," that is to restore it. No such evidence was offered, and the jury had absolutely nothing before them upon which to base their findings upon the question of the amount of recovery. They simply guessed at it.

A. J. MAY County Attorney for appellee.

CITATION OF AUTHORITIES AND CLASSIFICATION OF
SUBJECTS DISCUSSED.

1. Motion to summon a jury from another county should not prevail. (Kemper and Wife v. City of Louisville, 14 Bush, 87; Kentucky Wagon Mfg. Co. v. Louisville, 97 Ky., 548).

2. It is the duty of the railway company to restore highway or pay damages and the county may maintain an action in its own name for damages. (Elliott on Railroads, vol. 3, sec. 1105; Lawrence County v. Chatteroi R. R. Co., 81 Ky., 226-227; Greenup County v. Maysville and Big Sandy R. R. Co., 88 Ky., 662; Louisville & Nashville R. R. Co. v. Whitley Co., 95 Ky., 215; Kentucky Stat., sec. 768, subsec. 5).

3. The county judge has no power to suspend or discontinue a highway without a proceeding in court. (Kentucky Stat., sections 4289 and 4290, etc).

4. Notice and petition is necessary to confer jurisdiction on county court to suspend or discontinue highway. (Mitchell, &c. v. Bond, &c., 11, Bush, 614).

5. Verdict will not be disturbed for excessiveness unless it is so excessive as to be shocking to the conscience or superinduced by passion or prejudice. (L. & N. R. R. Co. v. Mitchell, 87 Ky., 337, etc.; Standard Oil Company v. Tierney, 92 Ky., 367; Letton v. Young, 2 Met., 558; Kounts v. Brown, 16 B. M., 577;

L. & N. R. R. Co. v. Fox, 11 Bush, 495; M. & L. R. R. Co. v. Herrick, 13 Bush, 122; L. & N. R. R. Co. v. Long, 94 Ky., 410).

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

In building its road through Floyd county the appellant constructed it on and adjoining a public highway a considerable distance, and in so doing practically destroyed the public highway. In some places it was filled with rocks and dirt to a depth from 6 to 12 feet. This was done about the year 1904, and the county brought this action to recover damages for the destruction of the public highway. Upon the trial the jury returned a verdict against appellant for $1,700. This public highway was situated near Sandy river, in Floyd county, and the county of Johnson was situated on the opposite side of the river. Appellant claims that it, by the consent of the county judge of Johnson county and the county judge of Floyd county, changed this road over into Johnson county, where it succeeded in making a better road. This is not a defense to the action. Public highways cannot be abolished or changed in this manner. The county judge of Floyd county had no authority in this manner to make a change of a public highway by consenting orally to it. The only authority he had to make the change was by an order of court, made in accordance with sections 4289 and 4290 of the Kentucky Statutes of 1903. Appellant contends that this was not a public highway. The record of the county court produced by the county court clerk showed that it was established as a public highway about the year 1865, and surveyors, or overseers, were appointed every few years from that time to 1905, and were allotted hands to keep the road in repair. It is true, as shown from the evidence, that

it was not well kept; but the proof clearly shows that it was used as a public highway all that time.

Appellant contends that the court erred, to its prejudice, in overruling its motion to have a jury summoned from an adjoining county to try the case; that the interest of the citizens of Floyd county in the result of the litigation disqualified them from acting as jurors. This court has repeatedly decided that such interest did not incapacitate them for such service. Kemper & Wife v. City of Louisville, 14 Bush 87, and Kentucky Wagon Mfg. Co. v. City of Louisville, 97 Ky. 548, 17 Ky. Law Rep. 366, 31 S. W. 130.

The court gave the following instruction to the jury: "Before plaintiff can recover in this case, it must have shown by a preponderance of the evidence that Floyd county, through its order of record, had established a county road as set out in the petition, or that said road, if not established by orders, that the same was recognized as a county road by the county, and that same has been used as a county road, having overseers appointed to superintend same and hands allotted to work and worked the same, for more than 15 years before the filing of this suit. Then, if you believe the defendant company by its agents ·or employes obstructed or destroyed said road without authority of the county officials, and made it unfit for travel, you will find for the plaintiff in such sum as you may believe from the evidence it has been damaged thereby, not to exceed $1,900, the damages to be estimated by the cost it would be to construct a road or remove the obstructions placed in said road, and make the same in as good condition as it was before or the difference in inconvenience to the traveling public in traveling the road now traveled and over the former way. Unless you believe as above, you

Big Sandy Ry. Co. v. Floyd County.

will find for defendant." The error in this instruction, to the prejudice of appellant, is in fixing the measure of damages. The following should have been omitted therefrom, to-wit: "Or the difference in convenience to the traveling public in traveling the road now traveled and over the former way." The county of Floyd had no right to recover for the inconvenience or injury to the traveling public. If the travelers were inconvenienced or injured, they alone had a cause of action therefor. The county is only authorized to recover in this action the reasonable cost of putting the county road in as good condition as it was before the road was built. See case of Richmond, Nicholasville, Irvin & Beattyville R. R. Co. v. Estill County, 105 Ky. 808, 20 Ky. Law Rep. 1634, 49 S. W. 805. The instruction is also prejudicial to appellee in the use of the following words: "Without authority of the county officials." The officials had no authority to permit appellant to obstruct or destroy the road, except in the manner prescribed by the section of the statute above referred to. The court should have given the instruction refused, to the effect that the only way in which a county road can be suspended or vacated is by order of the county court entered of record, and a parol agreement by the county judge is not sufficient to authorize appellant to appropriate the highway in question.

By reason of the error in the first instruction referred to, the judgment is reversed and the case remanded for a trial consistent with this opinion.