## Edelen v. Muir.

(Decided March 23, 1915.)

Appeal from Nelson Circuit Court.

1. **Bills and Notes—Holder in Due Course—Fraud—Knowledge.—In** an action on a negotiable note by one claiming to be a holder in due course, evidence examined and held sufficient on the question of fraud and the holder's knowledge thereof to take the case to the jury.

2. **Evidence—Books—Summary—Conclusions from Books.—Where, in** an action on a negotiable note by a holder in due course, it is claimed that plaintiff, together with the other two stockholders of the company to which the note was given, operated the company under an agreement by which the profits were to be divided, not on the basis of stock ownership but under an agreement by which plaintiff was to lend the company money at 7 per cent., and the profits were to be equally divided between him and the other two stock-holders, it is error to permit an expert accountant to file a summary of what the books show and to place before the jury his conclusions drawn from the books which were not in evidence, for the purpose of showing that plaintiff was jointly interested in the note sued on and was not, therefore, a holder in due course.

3. **Bills and Notes—Holder in Due Course—Fraud—Joint Interest of Holder.—Where** there are three stock-holders in a corporation

and the profits of the corporation are not divided on the basis of stock holdings but by an agreement under which one of the stock-holders is to furnish the corporation money at 7 per cent. and the profits are to be divided equally between the three stock-holders, and a note payable to the corporation is obtained by fraud and purchased by the stock-holder lending the money, he is jointly interested in the note and is not a holder in due course, but if he has sold out his interest in the corporation and at the time of the purchase of the note sued on is a mere creditor of the corporation, he is a holder in due course unless the note was obtained by fraud and he had actual knowledge thereof or knowledge of such facts that his action in taking the instrument amounted to bad faith.

KELLY & KELLY and R. C. CHERRY for appellant.

NAT W. HALSTEAD, OSSO W. STANLEY and JOHN D. WICKLIFFE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This is the second appeal of this case. The opinion on the former appeal may be found in 156 Ky., 212, under the title of Muir v. Edelen, et al.

The Clark Motor Car Company (formerly the Marshall-Clark Motor Car Company) sold a Maxwell automobile to Joseph Muir. The purchase price was $1,400.00. Muir executed to the company his note for $875.00 and paid the balance of the purchase price in cash. He subsequently paid the note. The automobile failed to give satisfaction, and the company sold Muir a Columbia automobile for $2,900.00. Muir was credited with the price paid for the Maxwell automobile amounting to $1,400.00 and for the balance of the purchase price, amounting to $1,500.00, executed his note to the company. Before maturity this note was sold and transferred to R. H. Edelen, who paid the company $1,475.00 therefor.

Edelen brought this suit to recover on the note. Muir charged that the note was obtained by false representations made to him by the officers of the company respecting the condition and efficiency of the Columbia automobile. He also alleged that Edelen was the president of the company and had knowledge of the false representations so made and was not a holder in due course.

On the first trial, Muir, who assumed the burden of proof, introduced evidence tending to sustain his contention that the note was obtained by fraud and misrepresentations. At the conclusion of this evidence the trial court gave a peremptory instruction in favor of Edelen. On appeal to this court it was held that the peremptory was improperly given, for the reason that when Muir showed that the title of the automobile company was defective, the burden then shifted and it was incumbent on Edelen to show that he acquired title as a holder in due course.

On return of the case, Muir filed an amended answer, pleading, in substance, that Edelen had entered into an agreement with the automobile company by which he was to loan it money at 7 per cent. interest, and was to receive one-third of the profits of the business; that this agreement was effective until May, 1911, and was in force at the time the note sued on was executed; that by reason of this agreement Edelen was interested in the note sued on and was not a holder in due course.

On the issues involved a great deal of evidence was heard. We deem it unnecessary to set out the evidence at length. There was sufficient evidence of fraud and misrepresentation and of Edelen's knowledge thereof to take the case to the jury.

On the question of Edelen's connection with the company plaintiff's evidence tended to show the following facts: Edelen drew the articles of incorporation. He subscribed for eighty-four shares of stock while the two other stockholders subscribed for eight shares apiece. The stock was not issued, and instead of the profits of the company being divided on the basis of the stock, Edelen was to furnish the money for the concern at 7 per cent. interest, and he and the other two stockholders were to share equally in the profits. The books of the company show certain transactions between Edelen and the company as late as May, 1911. The note in question was executed March 1st, 1911. According to Edelen's evidence, he sold out his interest in the company in September, 1910. Thereafter he did not share in the profits of the concern, but merely loaned it money at various times. At the time the note in question was executed he was only a creditor of the company.

On the relation which Edelen sustained to the automobile company Homer F. Harris, an expert accountant,

was the principal witness for Muir. Harris had been employed by the stockholders of the automobile company to go over the records of the company and make a report. One of the questions in controversy was the state of Edelen's account, and this his report covered. Subsequently the automobile company went into bankruptcy. Harris again went over the records of the company and made another report. Harris was permitted to file both of these reports with his deposition. He was also permitted to testify as to the agreement between Edelen and the company, as shown by the minute book of the company. He further testified that the company was running the business on borrowed money and that Mr. Edelen was furnishing the capital. He also stated that the books showed that Mr. Edelen was connected with the company as late as May, 1911.

It is insisted that the above evidence was admissible because the books were in the possession of the referee in bankruptcy and were not, therefore, available as evidence. It may be conceded that a witness who has inspected the accounts of parties, though he may not give evidence of their particular contents, may be allowed, under certain conditions, to state the general balance without producing the accounts. It may also be conceded that where the evidence is the result of voluminous facts, or of the inspection of many books and papers, a summary of what the books show, made by a person who has examined the books, may be admitted in evidence where the summary has been placed at the disposal of the opposite party before the trial and he has been given reasonable time and opportunity to examine the summary and determine its accuracy. Greenleaf on Evidence, 14th Edition, Section 93; Fidelity Deposit Company of Maryland v. Champion Ice Mfg. and Cold Storage Co., 133 Ky., 74; Louisville Bridge Company v. P. C. C. & St. L. R. Co., 116 Ky., 258, 75 S. W., 285. The evidence of Harris does not fall within either of the above rules. The reports that he made were for the purpose of determining how much the automobile company owed Edelen. In this case no such question is involved. The only question involved is the relation which Edelen sustained to the company. It does not appear that the books are voluminous or that there was any great difficulty in having them produced. As before stated, Harris not only testified as to the state of Edelen's account with

the company, but he testified as to what the minute book showed. He also went further and placed before the jury his conclusions drawn from sources of information which were not in evidence. The issue not being one of any balance due Edelen, but relating solely to the relation which he sustained to the company and the interest that he had in the profits, the summary prepared by Harris and introduced in evidence, together with the statement of his conclusions drawn from the books, was clearly incompetent. Rollins v. Board of Commissioners, 90 Fed., 575, 33 C. C. A., 181.

It cannot be doubted, of course, that if Edelen and the other stockholders were, at the time that the note in suit was executed, operating the company under an agreement by which he was to lend it money at 7 per cent. and the profits were to be divided equally, he was jointly interested in the note, and cannot, therefore, be regarded as a holder in due course if the note was obtained by fraud. On the other hand, if Edelen had sold out his interest in the company and the only relation which he sustained to the company, at the time the note was executed, was that of a mere creditor, he was a holder in due course, unless the note was obtained by false representations and Edelen had actual knowledge thereof or knowledge of such facts that his action in taking the instrument amounted to bad faith; and the court should, in substance, so instruct the jury.

Judgment reversed and cause remanded for a new trial consistent with this opinion.