## City of Pikeville v. Riddle, et al.

(Decided April 19, 1921.)

### Appeal from Pike Circuit Court.

Jury—Competency of Citizens and Taxpayers of a City as Jurors in an Action for Damages Against the City.—Citizens and taxpayers of a city are not disqualified by this fact alone to serve as jurors in an action for damages against the city, and their exclusion from the regular panel is prejudicial error.

PICKLESIMER & STEELE and A. L. RATLIFF for appellant.

ROSCOE VANOVER and P. B. STRATTON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On October 15, 1903, T. M. Riddle and his wife, Bessie A. Riddle, purchased from M. C. Thornbury and wife a house and lot in the city of Pikeville for the sum of $1,-200.00 cash. Later on they improved the property at an expenditure of about $2,500.00. Thereafter Mrs. Riddle died and her interest descended to her children subject to T. M. Riddle's right of curtesy. Afterwards the city undertook the construction of certain streets in the rear of the premises. The streets were so graded as to divert the natural flow of the water and cause the water and large quantities of mud to be precipitated on the prop-

erty belonging to the Riddles, thereby diminishing the value of its use for residential purposes.

This suit was brought by the Riddles against the city to recover damages, and a trial before a jury resulted in a verdict and judgment for plaintiffs in the sum of $1,-000.00. The city appeals.

When the case was called for trial, the court, over the objection of defendant, entered an order excluding from the regular jury panel all persons who were citizens and taxpayers of the city, and the panel selected was composed entirely of persons living in the county outside the city. It is true that the courts in certain states have adopted the rule that, in the absence of a statutory provision to the contrary, a person who is a resident and taxpayer of a city or municipal corporation is not a competent juror in an action against the municipality, or in which it is directly pecuniarily interested, or in an action by the municipality to recover money due it, or to recover a penalty which inures to the benefit of the municipality. Bailey v. Trumbull, 31 Conn. 581; Cason v. Ottumwa, 102 Iowa 99, 71 N. W. 192; Fine v. St. Louis Public Schools, 30 Mo. 166; Russell v. Hamilton, 3 Ill. 56. But a different rule prevails in this state and also in other jurisdictions. Kemper v. Louisville, 14 Bush 87; Detroit v. Detroit R. Co., 134 Mich. 11, 95 N. W. 992; Omaha v. Olmstead, 5 Nebr. 446; Jackson v. Pool, 91 Tenn. 448, 19 S. W. 324; Marshall v. McAllister (Tex.) 43 S. W. 1043. In the case of Kemper v. Louisville, *supra,* this court, in holding that resident citizens and taxpayers of a city were competent jurors in an action by a lot owner to recover damages against the city for injury done by the city to his premises, used the following language:

"In all prosecutions by the state, counties, or cities where the fines collected go into the treasury of the one or the other, the taxpayer derives an interest for the reason that it may lessen thereafter the amount of revenue to be collected for state, city or county purposes. In an action by the state against the sheriff for failing to account for the revenue upon the plea of payment, the defendant would be entitled to a jury if demanded, and if the interest the citizen has in having the revenue collected and paid into the treasury is to disqualify him from being a juror, no judgment could be obtained; or if in a prosecution for the violation of a city ordinance the

citizen is to be excluded as a juror by reason of his interest, no fines could be imposed where the party is entitled to a jury.   The courts of the city alone have jurisdiction in such cases, and the same line of argument would exclude the judge from presiding or the sheriff from summoning a jury.   . . .

"All cases like the one before us affect each and every citizen alike; one, it is true, may have to pay more tax than another.   The result of the litigation may lessen or increase the tax, but all are injured or benefited in proportion to the amount of property owned.   If the taxes are increased, each citizen must bear his proportion of the burden; and if lessened, all derive the benefits.   It is a common interest, slight and often remote; and in such cases to decide the citizen incompetent as a juror would conduce to defeat the ends of justice.   The organization and jurisdiction of our judicial tribunals, as well as our system of government, necessarily modify the rigor of the common law rule on this subject.   We do not mean to say that, in cases where the interest of the juror may be regarded by the judge in the exercise of a sound legal discretion as sufficient to warp his judgment, he should nevertheless be permitted to enter the jury box, or that if his private or personal interest is slight, he is also competent; on the contrary, any personal or private interest, however slight, disqualifies him; but ordinarily, in cases affecting municipal corporations, the mere fact that the taxes of the citizen may have to be increased or lessened, by reason of the litigation, will not disqualify him as a juror, and in this case the objection was properly disregarded."

The rule was adhered to in the case of Kentucky Wagon Mfg. Co. v. City of Louisville, 97 Ky. 548.   In the case of Graziani v. Burton, etc., 30 R. 180, it was held that in an action against a surety on the bond of a publisher of school books to recover a penalty of $10,000.00 as liquidated damages for its breach of selling books in a county which had adopted them, for a greater price than they were sold at in other states, the defendant was not entitled to a change of venue on the ground that the jurors were interested in the recovery, although all the penalty recovered was for the benefit of the schools in the county in which the jurors resided.   In the case of Big Sandy R. Co. v. Floyd County, 125 Ky. 345, it was held that citizens of a county, by reason of that fact alone, were not dis-

qualified to serve as jurors in an action brought by the county to recover damages against a railway company for the destruction of a public highway.

It follows from these decisions that citizens and taxpayers of the city of Pikeville were not disqualified by this fact alone to serve as jurors in this case, and their exclusion from the panel was prejudicial error. Louisville & Nashville R. Co. v. Owens, 164 Ky. 557, 175 S. W. 1039.

This conclusion renders it unnecessary to decide whether or not the damages are excessive.

Judgment reversed and cause remanded for a new trial consistent with this opinion.