## Reed et al. v. Ben W. Gorham & Company et al.

(Decided February 25, 1930.)

216

E. H. GAITHER for appellants.

C. E. RANKIN and R. L. BLACK for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

The appellants are the owners of property abutting the state highway between Harrodsburg and Crab Orchard. The appellees are contractors who were engaged in regrading and rebuilding that road under the State Highway Commission and Mercer County. In the early part of 1927, proceedings were instituted in the county court by Mercer county to condemn a portion of appellants' land required to widen the road. It appears, however, that the contractors began the work before those proceedings were concluded, and they were abandoned. The appellants then sued the contractors for trespass to their property. Mercer county intervened, alleging that any damages recovered from the contractors would have to be borne by the county, which was obliged to furnish the right of way for the road.

It was shown in evidence that about 10 feet of appellants' front yard was taken, along with a stone wall or fence. The highway was a little lower than the yard, and in the reconstruction it was further lowered several feet, thus destroying the old approach to the home of appellants. Some rock was thrown into their yard by reason of the blasting. A judgment for $322 was recovered by the appellants. They had asked $2,500 in damages, and have appealed from the judgment.

It is contended that it was improper to permit Mercer county to intervene in the case. That question was definitely settled in a suit against the same contractors engaged in reconstructing the same road by the opin-

ion in Terhune v. Gorham & Co., 225 Ky. 249, 8 S. W. (2d) 431. It is further claimed that the court misinstructed the jury in that the instructions did not conform to the issue; that is, that the issue was whether or not the contractors were guilty of trespass and had by reason thereof injured appellant, while the instructions were given upon the theory that the proceeding was one instituted by Mercer county for condemnation of the land. This contention was considered and also decided adversely to appellant in the second appeal of the Terhune case. See Terhune v. Gorham & Co., 229 Ky. 229, 16 S. W. (2d) 1060.

Complaint is also made that the trial court should have sustained appellants' motion to secure a jury from another county after Mercer County was permitted to intervene because of the interest of the jurors as taxpayers. This has never been regarded as a disqualification. Big Sandy R. Co., v. Boyd County, 125 Ky. 345, 101 S. W. 354, 31 Ky. Law Rep. 17; City of Pikeville v. Riddle, 191 Ky. 231, 230 S. W. 37.

The judgment is therefore affirmed.