# Russell County Board of Education v. Leach, Sheriff, et al.

Nov. 14, 1941.

Lilburn Phelps for appellant.

L. C. Lawrence and Ralph Hurt for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming ing part and reversing in part.

This action was filed by the appellant, Russell County Board of Education, against appellee, A. W. Leach, Sheriff of Russell County, and the other appellees, his sureties on a county levy bond in the sum of $50,000 executed on May 21, 1938, for the collection of the 1938 taxes, including the school fund.

The allegations of the petition were, in substance, that the Sheriff was properly chargeable with school taxes, penalties and interest aggregating $20,526.07 and was entitled to credits of $15,552.78, that on June 30, 1939, settlement was made by the sheriff with a commissioner appointed by the fiscal court, the settlement showing a balance of $2,006.21 due by the sheriff; that this settlement was confirmed and recorded but was incorrect and failed to show the true balance of $4,973.29 actually due.

Separate answers filed by the sheriff and his sureties contained paragraphs pleading as a bar to the maintenance of the action that no notice of the claim had been given to the sureties within the period of one year from and after the end of the year in which the bond sued on was executed. Demurrers were filed to the paragraphs of the respective answers containing these pleas in bar and were overruled. The appellant failed to plead further and the petition was dismissed both as to the sheriff and his sureties and this appeal is from the judgment of dismissal.

The pleas on bar in the respective answers were based on Section 4134 of the Kentucky Statutes, which provides as follows:

"The county court may require the sheriff to give an additional bond or bonds, with good surety, to be approved by the county court whenever it may deem the interest of the state, or county demands; and the sureties on all the bonds executed by the sheriff shall be jointly and severally liable for any default of the sheriff during the year in which said bond may be executed, whether the liability accrues before or after the execution of such bond or bonds; Provided, that a surety on any bond executed by the sheriff shall not in any event be liable for any act or default of the sheriff occurring in any calendar year other than that within which the bond or bonds shall have been executed; and provided, further that neither the sheriff nor a surety or sureties on any bond or bonds executed by the sheriff shall be liable for any act or default of the sheriff unless the act or default of the sheriff giving rise to a claim upon such bond shall have been given to the surety or sureties by the State Auditor, the judge of the county court the county attorney or other person asserting such claim ninety days after such discovery or at the latest within the period of one year from and after the end of the year within which such bond or bonds shall have been executed."

Prior to its amendment and re-enactment in 1934 Section 4134 contained only the language down to and including the words "bonds" immediately preceding the word "provided." The subsequent language was added by the 1934 amendment, which was Chapter 20 of the Session Acts of 1934 the title to which was as follows:

"An Act to amend and re-enact Section 4134 of Kentucky Statutes (Carroll's 1930 Edition) relating to bonds of Sheriffs and sureties thereon; and declaring an emergency to exist."

The trial court, in sustaining the demurrer, acted on the assumption that the amendatory language added to Section 4134 by the 1934 Act was applicable to all bonds executed by the sheriff, including the County Levy Bond sued on, and that failure to give the notice to the sureties provided by the statute operated to discharge both the sheriff and sureties.

It is first contended by the appellant that the amendatory language of Section 4134 does not cover all

bonds executed by the sheriff but refers only to the revenue bond and the additional bond or bonds required by the county court pursuant to that part of the statute in force before the amendment. We do not so view the statute since it is broad enough, in our opinion, to cover any and all bonds executed by the sheriff, which bonds are those provided by Kentucky Statutes, Sections 1884, 4130 and 4556, known respectively as the County Levy Bond, the Revenue Bond and the Official Bond. See Fidelity & Deposit Company of Maryland v. Com., 104 Ky. 579, 47 S. W. 579, 49 S. W. 467. As a matter of fact we decided in Fidelity & Deposit Co. of Maryland v. Brown, 230 Ky. 534, 20 S. W. (2d) 284, 285, that this section is applicable to all statutory bonds executed by the sheriff. The court there said, "in view of the broad language of the statute and the uniform holding of this court, as indicated, we are constrained to the conclusion that the provisions of Section 4134 apply to all bonds executed by the sheriff."

The next contention is that if Section 4134 be construed to apply to all bonds executed by the sheriff, then the amendatory Act of 1934 is invalid because it is amendatory of Sections 1884, 4130 and 4556 requiring the execution by sheriffs of the various types of bonds above designated and the title is insufficient for that purpose under Section 51 of the Constitution since it relates to subjects not expressed in the title and attempts to amend the enumerated sections without re-enacting and publishing them at length. In this contention we find no merit since the 1934 amendment does not purport to revise, amend or extend the provisions of the sections referred to but is only a general act relating to all bonds executed by sheriffs. The amendatory Act, of course, did affect to some extent the subject matter dealt with in those sections but did not purport to amend, revise or extend any one of them. This the Legislature has a right to do free from the control of Section 51 of the Constitution. See Burton v. Mayer, 274 Ky. 245, 118 S. W. (2d) 161 and cases therein cited. In Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, 166 S. W. 1017, 1021, the court referring to the latter part of Section 51 of the Constitution said:

"This part of the section has, of course, no application to acts that do not purport to revise, amend, or extend another act or law. When the Legislature

comes to enact new laws under appropriate titles, its power is not in any manner limited by this provision, and it may act entirely independent of and without reference to it. Of course, many laws that are enacted by the Legislature touch in some way existing laws, either by amending, extending, or repealing them, but, notwithstanding this, the Legislature, by a new act that does not purport in its title or body to amend, revise, or extend an existing law, may, in fact, revise, amend, or extend it, free from the control of Section 51, and this has been often done."

Applying the rules enunciated it is clear that this contention of appellant is not well founded.

It is further argued by appellant that since the petition alleged the filing and recording of a settlement during the year 1939 showing that the sheriff owed a balance of $2,006.21, a cause of action was stated at least as to this sum since the sureties were required to take notice of the recorded settlement. This argument ignores the fact that Section 4134 requiring notice to the sureties provides that the notice shall be given by certain designated officials or "other person asserting such claim." Such language in the statute is necessarily a negation of the idea that constructive notice is sufficient.

The final contention is that even if the petition stated no cause of action against the sureties it certainly stated one as to the sheriff. The argument is that as notice is required to be given only to the sureties the Legislature obviously had no intention of releasing the sheriff as to whom no notice is required, it being self-evident, it is said, that the sheriff needs no notice of his own default since he knows it before anyone else. There is considerable force in this argument and it may well be doubted that it was the intention of the Legislature to discharge the sheriff from liability by reason of a failure to give notice to the sureties even in the face of the positive language of the statute that "neither the sheriff nor a surety" shall be liable unless the notice is given. However, even though the statute be construed as discharging the sheriff from liability *on the bond,* we do not construe it to absolve him completely from all liability for taxes collected by him which he has failed to pay over. He is obligated both by the common law and by statute to pay over to the proper authorities

774

taxes lawfully collected by him and the petition states facts sufficient to constitute a cause of action against him on this ground. The fact that judgment was sought against him on the bond is immaterial under our system of code pleading. By virtue of Section 4 of the Civil Code we have only one form of action and where facts are stated constituting a cause of action it is immaterial that the plaintiff mistook the nature of his action or sought relief upon an untenable ground.

It is our conclusion that the petition stated a cause of action against the sheriff but not against the sureties.

The judgment is affirmed as to all appellees, except A. W. Leach, Sheriff, and as to him it is reversed for further proceedings consistent with this opinion.