## Laurel County v. Lucas et al.

Jan. 23, 1945.

238

C. R. Luker for appellant.

William Lewis & Son for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Fred V. Lucas served as sheriff of Laurel County during the years 1938, 1939, and 1940. The Ohio Casualty Insurance Company was his surety on the county revenue bond in the sum of $35,000 executed on September 14, 1940, for the collection of the 1940 taxes, and J. B. McGowan, W. F. Curry, James H. Lucas, Arthur Reed, Clint McGowan and J. W. Fields were his sureties on the county revenue bonds executed for the collection of the 1938 and 1939 taxes. On February 23, 1943, Laurel County brought an action against Fred V. Lucas and his surety, Ohio Casualty Insurance Company, to recover $3,299.70, with interest thereon from July 1, 1941. It was alleged in the petition that on July 2, 1941, the defendant, Fred V. Lucas, made a settlement with one T. J. Cox who had been appointed commissioner to make the settlement by the Laurel fiscal court, and that the settlement was filed on July 2, 1944, in the office of the clerk of the Laurel county court, and an order was entered approving the settlement. It was further alleged

that the settlement was incorrect and false in stating that Fred V. Lucas had paid all balances due Laurel County, and that in truth and in fact on that date he owed to Laurel County the sum of $3,299.70. On March 1, 1943, the county filed an amended petition in which it made the sureties on the 1938 and 1939 bonds defendants and sought to recover $233.40 on the 1939 bond and $664.83 on the 1940 bond. A demurrer to the petition as amended was sustained, and the plaintiff filed what is styled "Second Amended, Substituted and Reformed Petition," in which it set out the facts in more detail. A demurrer to this pleading was sustained and, the plaintiff having declined to plead further, its petition, amended petition, and second amended, substituted and reformed petition were dismissed.

KRS 134.230 requires the sheriff to enter into bond with surety for the faithful performance of his duties as revenue collector, and KRS 134.240 prescribes the form of the bond. KRS 134.250 provides that the sheriff shall annually, before he proceeds to collect the county levy, execute bond to the Commonwealth in the county court with one or more sufficient sureties and in a definite penal sum fixed by the county court, conditioned for the faithful performance of his duties and to pay over in due time to the proper person, as directed by the court, all money collected by him. KRS 134.260 makes the sureties on all the revenue bonds executed by the sheriff jointly and severally liable for any default of the sheriff during the calendar year in which the bond was executed, and stipulates that a surety shall not be liable for any act or default of the sheriff occurring in any calendar year other than that in which the bond was executed. KRS 134.270 provides: "Neither the sheriff nor a surety shall be liable for any act or default of the sheriff in connection with his revenue duties unless notice of the act or default of the sheriff giving rise to a claim upon the bond has been given to the surety by the Department of Revenue, the county judge, the county attorney or other person asserting the claim within ninety days after discovery or at the latest within one year after the end of the year within which the bond was executed."

The record fails to disclose the ground on which the court based its ruling on the demurrer. Counsel for appellees in his brief states that appellant in its petition

as amended sought to collect from all of the sureties the alleged shortages extending over the years 1938 to 1940, inclusive, in disregard of the plain provision of the statute that a surety shall not be liable for any act or default of the sheriff occurring in any calendar year other than that in which the bond was executed. Counsel is in error, since the appellant in its petition as amended prayed for a judgment against the Ohio Casualty Insurance Company for only $3,299.70, the amount alleged to have been owing to the county by the sheriff for the year 1940, and against the other sureties for only the amount alleged to be due for the year within which the bond they signed was executed. It is insisted that the demurrer was properly sustained because the petition as amended failed to allege that notice of the alleged defaults of the sheriff had been given to the sureties pursuant to the provisions of KRS 134.270. The precise question was decided by this court in Atwood v. Casey County, 282 Ky. 91, 137 S. W. 2d 1079, 1080. In that case we construed section 4134 of Carroll's Kentucky Statutes, 1936 Edition, which provided that the sureties on all the bonds executed by the sheriff should be jointly and severally liable for any default of the sheriff during the year in which the bond had been executed. Then followed two provisos. The second proviso was enacted as a separate section of the Statutes in the revision of the Statutes enacted by Chapter 208 of the Acts of the General Assembly of 1942, and now appears as KRS 134.270. In the opinion in the Atwood case it was said: ''It is argued that liability is conditioned upon the performance of the second proviso, and it is necessary for the performance of this condition to be alleged in the petition seeking to enforce such claim, and the omission of any allegation that the condition has been met renders the petition fatally defective and insufficient to support a default judgment. It is a generally recognized rule of pleading that one who asserts a right conferred by statute but which is subject to a specified exception must negative the exception if it forms a necessary part of the right and is incorporated in the body of the general clause conferring the right and is not separate and distinct from it. On the other hand, if the exception or proviso gives the defendant exemption from liability and is in a clause separate from the clause giving the cause of action, then it is a matter of defense and must be pleaded by the defendant.''

And further along it was said: "Section 4134 of the Kentucky Statutes, in a general clause, gives the county a right of action against the sureties on a sheriff's revenue bond for any default of the sheriff during the year in which the bond may be executed. In a subsequent clause is a proviso for the benefit of the sureties and against the county. The proviso is not in the body of the clause giving the right of action, and therefore, under the foregoing rule, it was not necessary for the county to plead it."

Now that the provision for the benefit of the sureties appears in a separate section of the Statutes, the rule followed in the Atwood case applies with all the more force.

Before the court acted upon the demurrer to the amended petition, the appellees, without waiving their demurrer, filed an answer in which they alleged that the notice required by KRS 134.270 had never been given to them or any one or more of them. It is suggested that this defensive pleading to which no reply was filed was before the court when the demurrer was overruled and should be considered in support of the court's ruling. The only office of a general demurrer is to test the sufficiency in law of a pleading; it raises the question whether the pleading, taken as a whole, states a cause of action or defense, and it must stand or fall on the facts alleged in the pleading demurred to, which can neither be aided nor impaired by importing into it facts not therein alleged. Our practice, contrary to the practice in most jurisdictions, permits the filing of an answer without waiving a demurrer theretofore or contemporaneously filed to the petition, but the demurrer must be considered without reference to the facts alleged in the answer. A demurrer and an answer are not inconsistent pleas. Strode's Ex'x v. Strode, 243 Ky. 367, 48 S. W. 2d 543. We think the court should have overruled the demurrer and should have permitted the appellant to plead to the answer.

The demurrer should have been overruled as to Fred V. Lucas, the sheriff, for another reason. In Russell County Board of Education v. Leach, 288 Ky. 769, 157 S. W. 2d 70, it was held that the sheriff was not discharged from liability by reason of a failure to give to the sureties the notice required by the statute even though the sureties were discharged. The soundness of

the opinion in that case is questioned by appellees, but, upon a reconsideration of the question, we are convinced that our construction of the statute was correct.

The judgment is reversed, with directions to over-rule the demurrer.