# Hogg's Adm'r et al. v. Commonwealth et al.

Feb. 8, 1946.

558

French Hawk, Stephen Combs, Jr., and Astor Hogg for appellants.

J. L. Hays for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Doyle Hogg was sheriff of Letcher County for the term ending with 1941, and thereafter continued as special tax collector of the unpaid bills remaining in his possession until June 1, 1942. Section 4135, Kentucky Statutes, now Kentucky Revised Statutes, 134.210. He died January 31, 1943.

On September 22, 1943, this suit was filed as a common-law action in the name of the Commonwealth. for the use and benefit of Letcher County and the school districts against Hogg's administrator and sureties on his several bonds, charging that during Hogg's incumbency he had collected $3,174.09 which he had not accounted for, and alleging his promise and agreement to pay that sum. An amended petition stated

that of the sum claimed, $951.84 was due on 1940 tax collections, and $2,222.25 on 1941 collections as shown on what is designated as a "settlement made as of January 9, 1943." Demurrers having been overruled, answers were filed denying essential allegations of the petition and pleading proper accounting and settlement. The sureties also pleaded a failure to give notice of any shortage within 90 days after discovery, as it was claimed is required by Section 4134, Kentucky Statutes, now KRS 134.270. Estoppel was pleaded by all the defendants.

After statements of counsel had been made to a jury, the court withdrew the case and transferred it to equity. Evidence was then taken by deposition and judgment rendered for the defendants as to the 1940 item of $951.84, the court being of opinion that as there had been a complete settlement of the sheriff's accounts for that year, the present proceeding is a collateral attack or an attempt to make a supplemental settlement; but if it be not so considered, the evidence was not sufficient to sustain the allegations of the petition. Judgment was rendered for the plaintiff for $1,222.25 on the 1941 claims, the court being of opinion that the evidence was not sufficient to sustain the claim for the balance of $1,000. The defendants appeal from so much of the judgment as is adverse to them, and the Commonwealth has a cross-appeal from the judgment denying the balance of the claim.

A settlement had been made by the sheriff of collections for the year 1940, apparently in accordance with statutory procedure. A commissioner was appointed by the Fiscal Court to make a settlement with the sheriff for 1941 and as special tax collector. KRS 134.310. There was kept in the county court clerk's office special tax books for entry from time to time of omitted assessments discovered during the course of the year. The payments were made to the sheriff. In the preparation of the 1941 statement of accounts, the auditor or commissioner of the Fiscal Court found such a book for 1940, which he testified included collections to the amount of $951.84 not accounted for. This was included in the statement or proposed settlement for 1941. He understood or was advised that one of such special tax books for the year 1941 could not be found. Thereupon he averaged the

bills for three previous years as being around $1,000, and proceeded to charge the ex-sheriff with that sum as having been collected by him and not accounted for. Other items charged for 1941 aggregated $1,222.25. This statement was prepared as of January 12, 1943, showing that he owed a total balance of $3,174.09. There is testimony that Hogg agreed or accepted it as correct, but some of the testimony was but deductions or conclusions of the witnesses. His statements themselves indicate a doubt of owing the money and of his despair, for all agree that he used the significant slang expression, ''It looks like I am the goat.'' As stated, Hogg died within two weeks afterward. It was upon this testimony of admission and agreement that the case was predicated.

The statement or settlement was filed with the Fiscal Court and it entered an order approving it. It was also filed with the County Court but was never confirmed by the County Court. Neither the action of the Fiscal Court nor the mere filing of the statement in the County Court obviated the necessity of an order or judgment of confirmation by the County Court. Fidelity & Deposit Co. v. Logan County, 119 Ky. 428, 84 S. W. 341; Bush v. Board of Education of Clark County, 238 Ky. 297, 37 S. W. 2d 849. This is so because the statute required and still requires that a settlement of the sheriff shall be by the County Court. Section 4146, Kentucky Statutes, KRS 134.310.

The status of the accounting is that there had been a final settlement for the year 1940 and no legal settlement at all for the year 1941. Where a settlement has been validly and properly made it may be surcharged, but where it has not been completed in accordance with the statute, what was done may be attacked collaterally. Maryland Casualty Co. v. Holt's Adm'x, 285 Ky. 66, 146 S. W. 2d 940. The law provides that where a settlement has been properly made it may be opened up by (1) an appeal from the judgment of the County Court to the Circuit Court, or (2) independent action instituted to correct the settlement. KRS 134.310. The present suit is not such an action for, as we have said, it was at common law and based merely and wholly upon an express promise to pay a certain amount. The action as to the 1940 settlement should have been in accordance with the statute.

The account for 1941 stands open. There should have been and should be a judgment of the County Court before jurisdiction of the Circuit Court is invoked except where the sheriff refuses to settle or absconds. Fidelity Deposit Co. v. Logan County, supra; Fidelity & Casualty Co. v. Breathitt County, 276 Ky. 173, 123 S. W. 2d 250. A circuit court has no authority to make a settlement with a sheriff in the first instance. Rice v. Bradley, 203 Ky. 775, 263 S. W. 336.

We are of opinion, therefore, that the court should have sustained the demurrers to the petition as amended.

Since it is probable a proper course may be pursued upon a return of this case (Bush v. Board of Education of Clark County, supra), it seems well to consider some of the questions of evidence raised on the appeal.

The testimony that the deceased sheriff had agreed that the amount shown on the proposed settlement was due is competent as an admission against interest. The appellants have argued that the county officials and others who gave that testimony are disqualified as witnesses under subsection 2 of Section 606, Civil Code of Practice, because they are interested, being taxpayers, and were testifying as to transactions with a deceased person. In such a case as this, the true test of disqualification is that the witness has "a present, certain, and vested interest, and not an interest uncertain, remote, or contingent," or that he would gain or lose directly and immediately thereby. Truitt v. Truitt's Adm'r, 290 Ky. 632, 162 S. W. 2d 31, 35, 140 A. L. R. 1127; Trevathan's Executor v. Dees' Executors, 221 Ky. 393, 396, 298 S. W. 975. The interest of these witnesses is too remote and inconsequential. Thus, we have held that a policyholder in a mutual insurance company is not disqualified by such interest to testify for the company as to the statements of the deceased insured person in an action on a policy. New York Life Ins. Co. v. Johnson's Adm'r, 72 S. W. 762, 24 Ky. Law Rep. 1867. And citizens and taxpayers by reason of that fact alone and because of such pecuniary interest are not to be excluded as jurors in the trial of actions by or against a city or county. City of Pikeville v. Riddle, 191 Ky. 231, 230 S. W. 37.

Arthur Dixon, the auditor and commissioner appointed by the Fiscal Court to make the settlement, never

did testify that his statement was correct. He told where he got the figures, but the original documents or the records do not appear to have been produced or presented to the court or to counsel for the defendants. This testimony appears incompetent in some particulars, but principally because of its hearsay nature, i. e., because he did not testify as to what the official records revealed but rather did testify what his statement showed. Edelen v. Muir, 163 Ky. 685, 174 S. W. 474; Bush v. Board of Education of Clark County, supra. The bases and methods of accounting in surcharging a sheriff's settlement, as well as a consideration of competency of evidence are stated in Bush v. Board of Education of Clark County, supra; Livingston County v. Dunn, 244 Ky. 460, 51 S. W. 2d 450; Knox County v. Lewis' Administrator, 253 Ky. 652, 69 S. W. 2d 1000.

The method by which the commissioner arrived at an indebtedness of $1,000 for 1941 taxes, that is, by averaging the amount collected for three previous years, is not proper. Legal rights are not measured by the law of averages even where one is unable to prove his cause or to establish his defense. Barker v. Stearns Coal & Lumber Co., 291 Ky. 184, 163 S. W. 2d 466.

Other questions are reversed.

The judgment is reversed on both the original and cross-appeals.