## THOMAS et al. v. McCREARY COUNTY et al.

Court of Appeals of Kentucky.
May 15, 1951.

Joe Feather, Williamsburg, for appellants.

J. E. Stephens, George Stephens, Whitley City, for appellees.

STEWART, Justice.

Sam Thomas entered upon his duties as sheriff of McCreary county on the first Monday in January, 1942, and served as such for a period of four years thereafter. He executed his county revenue bond on May 29, 1944, in the penal sum of $69,000,

with the Ohio Casualty Insurance Company as surety thereon, for the collection of the 1944 county levy.

On November 26, 1948, appellees, McCreary county, and J. E. Perkins, County Judge, Neal Stephens, Charles Williamson Ben Draughn, George Dixon, Andrew Lay, Elmon Kidd, and Sam Phillips, members of the Fiscal Court of McCreary county, J. E. Stephens, County Attorney for McCreary county, and the Commonweath of Kentucky, suing for the use and benefit of McCreary county, filed this action against Thomas and his surety, Ohio Casualty Insurance Company, alleging, so far as pertinent here, that Thomas, as sheriff, accepted the tax books prepared by the county clerk of McCreary county for the year 1944; that appellant, after all commissions had been paid and other deductions allowed by law had been made, was properly chargeable with, and owed McCreary county, the sum of $40,837.36; and that he paid as sheriff at the close of the fiscal year on June 30, 1945, to the county the sum of $40,123.10, leaving a balance still due. McCreary county from him of $714.26. Thomas refused to pay this last mentioned sum and appellees sued him and his surety to recover $714.26, together with interest at 6% from June 30, 1945.

Appellant and his surety filed their joint answer in which they denied in the first paragraph that Thomas owed any money to McCreary county. Further answering they pled affirmatively in the second paragraph noncompliance with KRS 134.270 as a bar to the maintenance of the action, which section reads as follows: "Neither the sheriff nor a surety shall be liable for any act or default of the sheriff in connection with his revenue duties unless notice of the act or default of the sheriff giving rise to a claim upon the bond has been given to the surety by the Department of Revenue, the county judge, the county attorney or other person asserting the claim within ninety days after discovery or at the latest within one year after the end of the year within which the bond was executed."

Thereafter, on motion of appellees, the case, filed as an ordinary action, was transferred to the equity docket, and I. N. Blevins, an accountant, was appointed as a special commissioner to audit the 1944 county tax account of Thomas and to make a report thereon to the circuit court on the 3rd day of the August term, 1949. Thomas interposed no objection to the entry of these two orders.

On September 17, 1949, the special commissioner filed his audit on Thomas' 1944 county tax collections and disbursements which showed the ex-sheriff indebted to McCreary county in the sum of $714.25 for the year in question. On the same date, Thomas and his surety filed exceptions to the special commissioner's report, stating, in substance, that on May 3, 1945, he filed his final settlement for 1944 taxes for the county with the McCreary county fiscal court; that on the same date his settlement was duly advertised for two weeks in the McCreary County Record, the only newspaper of general circulation in the county; that his settlement was also filed in the office of the clerk of McCreary county where it laid over 30 days for exceptions; that no exceptions were filed to it; that it was approved by county court on June 25, 1945; and that he has received his quietus from the county court, duly signed by the county judge, all of which is shown by the records of the McCreary county court.

Appellees demurred generally to the exceptions filed by appellant and his surety. The cause was then submitted to the Chancellor on the pleadings, exhibits, report of the special commissioner and appellants' and the surety's exceptions thereto. The demurrer to the exceptions was overruled as to the surety but sustained as to Thomas and the action was dismissed as to the surety and judgment was rendered as to Thomas for $714.26, plus interest at 6% from June 30, 1945.

In his appeal Thomas seeks to avoid payment of the judgment on the grounds (1) that the action is barred by limitation because no notice of his alleged default was given to the sureties within the period of one year from the end of the year in which

the bond sued on was executed, as provided by KRS 134.270; and (2) that he filed his 1944 tax settlement with McCreary county, pursuant to KRS 134.310, on which he received his quietus from the county court, so that the instant action is prohibited as a collateral attack upon the settlement.

This Court has construed KRS 134.-270 adversely to the first contention of Thomas. The precise question raised by him herein was decided in the case of Russell County Board of Education v. Leach, Sheriff, 288 Ky. 769, 157 S.W.2d 70, 73, in which opinion the argument, as here, was that the sheriff and his surety were discharged from liability by the failure to give to the surety the notice required by the statute even though the surety were discharged, but in the Leach case we said that " * * * even though the statute be construed as discharging the sheriff from liability on the bond, we do not construe it to absolve him completely from all liability for taxes collected by him which he has failed to pay over." See also Laurel County v. Lucas, 299 Ky. 237, 185 S.W.2d 259.

It is next argued by Thomas that the present action is barred as to him because his final settlement of 1944 county taxes was approved by the fiscal court and he has received his quietus from the county court. In this connection, we need to consider the following portion of KRS 134.310: "The sheriff shall annually settle his accounts for county and district taxes with the fiscal court, before making settlement with the Department of Revenue. At the regular October term each year the fiscal court shall appoint some competent person other than the Commonwealth's or county attorney to settle the accounts of the sheriff for money due the county or district. The report of this settlement shall be filed in the county clerk's office and approved by the county court. The settlement shall show the amount of poll tax and ad valorem tax collected, and an itemized statement of the money disbursed."

At the outset we had serious doubts that this Court should take cognizance of Thomas' allegations as to his 1944 tax settlement which he brings to our attention in the exceptions he filed to the audit report of the special commissioner. Unsupported by proof, this contention would not constitute a valid defense to the claim asserted against him by the county. When, however, appellees demurred to the exceptions they admitted the averments contained therein while questioning their legal sufficiency to constitute a valid defense to their cause of action. Moreover, they opened the door for a consideration of Thomas' alleged final settlement as to his 1944 tax collections and disbursements which we now proceed to examine.

This Court has held uniformly that a sheriff must conform to all of the statutory requirements in making his final settlement, otherwise his accounting is not a legal one and it may be disregarded in a direct proceeding against him. Hogg's Adm'r v. Com., 301 Ky. 557, 192 S.W.2d 487, 163 A.L.R. 969; Bush v. Board of Education of Clark County, 238 Ky. 297, 37 S.W.2d 849; and Fidelity & Deposit Co. v. Logan County, 119 Ky. 428, 84 S.W. 341. When we apply this rule to the case at bar, we notice that KRS 134.310 requires that each sheriff shall settle his accounts for money due the county through a commissioner appointed by the fiscal court at each preceding regular October term.

Thomas failed to comply with the provision of law just mentioned, with the result that he did not make and file a valid settlement for the 1944 taxes collected by him as sheriff. Appellees could therefore sue appellant for an accounting of his taxes due McCreary county in a direct proceeding.

Wherefore, the judgment is affirmed.