Ophie Mae WORKMAN, Admr'x, et al., Appellants,

v.

Vincent J. HARGADON, Adm'r, et al., Appellees.

Court of Appeals of Kentucky.

Dec. 2, 1960.

As Modified on Denial of Rehearing April 28, 1961.

Stanley A. Stratford, Louisville, for appellants.

William Mellor, Louisville, for appellees.

STANLEY, Commissioner.

Robert E. Diale and his wife, Essie Pearl Diale, were killed in an automobile accident near Zanesville, Ohio, on February 10, 1958. This is an action for damages by the administratrix of the wife's estate against the estate of her deceased husband, he having been the driver of the car. The complaint alleged that the wife was "a passenger for a consideration" in the car. The defendant affirmatively pleaded that Mrs. Diale was a guest without consideration, and that under the Ohio automobile guest statute, § 4515.02, there can be no recovery for death unless it was "caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

■ The wife's administratrix, Mrs. Ophie Mae Workman, is her mother. The trial court ruled to be inadmissible testimony of the mother offered to establish the relationship of the wife as a paying passenger rather than as a social guest. The burden was on the plaintiff to prove the contractual relationship, express or implied. Birmelin v. Gist, 162 Ohio St. 98, 120 N.E. 2d 711. The evidence introduced by the plaintiff concerning the accident was regarded by the court as not showing it to have been caused by the driver's willful or wanton misconduct. See Jones v. Jones, 312 Ky. 240, 227 S.W.2d 182; Schulz v. Fible, 71 Ohio App. 353, 48 N.E.2d 899; Tighe v. Diamond, 149 Ohio St. 520, 80 N.E.2d 122; Helleren v. Dixon, 152 Ohio St. 40, 86 N.E.2d 777. The court thereupon directed a verdict for the defendant, intimating, however, the view that the undisputed evidence would have been sufficient to prove ordinary negligence.

The parties, with Mrs. Diale's two young children by a former marriage, lived with her mother near Jeffersontown. Diale was not employed except around the place. Mrs. Diale had been employed at different industries. Some of her wages were turned over to her mother for safekeeping. We give a synopsis of the proffered and rejected testimony of Mrs. Workman, which is reported as an avowal.

On January 11, 1958, Diale received a long-distance telephone call and reported to his wife in the witness' presence that he had a chance for a good job in New York if he would hurry there; but, he said, he didn't have any money for expenses. His wife told him she had some money but was not going to let him have it. He then asked her to go with him and to pay the expenses of the motels, gas and so on. She agreed to go and take the youngest child. Her mother testified definitely that there was an express agreement for her to pay the expenses of the trip. The court admitted her testimony that she had $600 of her daughter's money and had turned it over to her before they started on the way.

The second rejected conversation was that four weeks later, on February 9, she received a telephone call from her daughter from some place in Pennsylvania. Her daughter, apparently in her husband's presence, told her that "she had spent almost $300 on motels and meals and so on and she didn't have anything to show for it." Diale told her over the phone that that was true and they were coming home. The next day they and their child were killed.

The court excluded the mother's evidence as being hearsay and, in part, self-serving declarations. In one of the rulings the court also observed the witness would be a beneficiary of the action. The argument before us centers around the proposition that the statements of the deceased husband were admissible as declarations against his interest. That rule of evidence is a veritable thicket in which one becomes easily entangled and bewildered. We do not deem it necessary to enter very far therein. It seems to us that the proffered testimony was that of a third party which tended to establish the fact of an oral agreement

and not to prove a mere conversation. Jones' Commentaries on Evidence (2d ed.), § 1091, says: "It is hardly necessary to cite authorities to the obvious proposition that when proof is to be made of a parol contract, or when for other reasons the statements of a person are relevant, such statements may be proved by third persons who were present as well as by the one who used the language. In such case the statements are not hearsay, but substantive evidence." See Combs v. Roark's Adm'r, 221 Ky. 679, 299 S.W. 576, Syl. 3.

■ The proffered testimony that the witness' daughter told her over the telephone that they had spent $300 on the trip was self-serving, but her testimony that the deceased husband confirmed the statement in his conversation may be regarded as an admission against his interests in that it recognized the contract and was competent against his administrator as in privity with him. Quin v. Quin, Ky., 259 S.W.2d 23.

■ The competency of a witness is determined by the law of the state where the remedy is sought to be enforced, i. e., the *lex fori*. Restatement, Conflict of Laws, § 596; 11 Am.Jur., Conflict of Laws, § 203; 97 C.J.S. Witnesses § 51. Under Kentucky law, KRS 411.130, the mother of the deceased whose estate is seeking to recover damages would not be disqualified as a witness on the ground of being a beneficiary since the deceased was survived by a child. Nor would she be disqualified because of being a personal representative. Hunt's Ex'x v. Mutter, 238 Ky. 396, 38 S.W.2d 215. But the general rule is that the substantive law of the place where a tortious wrong was committed, i. e., *lex loci delicto commissi*, determines the right of action. 16 Am.Jur., Death, §§ 390, 395; Melton's Adm'r v. Southern Ry. Co., 236 Ky. 629, 33 S.W.2d 690; Stewart's Adm'x v. Bacon, 253 Ky. 748, 70 S.W.2d 522. And the distribution or apportionment of damages recovered for a wrongful death is considered a part of the cause of action and inseparable therefrom, i. e., the beneficiaries named by the statutes of the state where the wrong occurred. 16 Am.Jur., Death, § 248; McDonald v. McDonald's Adm'r, 96 Ky. 209, 28 S.W. 482, 116 Ky. Law Rep. 412, 49 Am.St.Rep. 289. We turn, therefore, to the Ohio law.

The Ohio statute § 2125.01, Page's Ohio Revised Code, provides for the recovery by a personal representative for the death of a person caused by a wrongful or negligent act, and § 2125.02 provides in part:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent. The jury may give such damages as it thinks proportioned to the pecuniary injury resulting from such death to the persons, respectively, for whose benefit the action was brought."

Another section, 2125.03, provides that the amount received by a personal representative in an action for wrongful death "shall be distributed to the beneficiaries or any one or more of them, and unless the share of each is adjusted among themselves, the court making the appointment shall adjust such share in such manner as is equitable, having due regard to the pecuniary injury to each beneficiary resulting from such death and to the age and condition of such beneficiaries. In making such distribution, the court may also consider funeral expenses and other items of expense incurred by reason of the death." See Annotations, Division among beneficiaries of amount awarded by jury or received in settlement on account of wrongful death. 14 A.L.R. 516; 112 A.L.R. 30; 171 A.L.R. 204. The amended complaint in this action states that the "Beneficiaries of the estate of Essie Pearl Diale are her infant son and her mother and their pecuniary loss as a result of her death is $65,428.17." But this allegation was traversed. The evidence was not directed to this issue, but it now

assumes importance on the question of the competency of the mother as a witness to testify to having heard the agreement between the parties, which would sustain the right of action for ordinary negligence on the part of the deceased husband.

■ The mother is only potentially a beneficiary of a recovery of damages for the death of her daughter, who was survived by a young child. At common law a disqualifying interest must be direct and certain, not contingent or doubtful. 58 Am. Jur., Witnesses, §§ 161, 288; 97 C.J.S. Witnesses § 168. See Justice's Adm'r v. Hopkins, 261 Ky. 681, 88 S.W.2d 688; Hogg's Adm'r v. Commonwealth, 301 Ky. 557, 192 S.W.2d 487, 163 A.L.R. 969.

■ It is the duty of the court to determine the qualification of a witness at the time it is challenged and the competency of his proposed evidence when it is offered. This is often done on voir dire examination. Thomas' Adm'x v. Ashland Fire Brick Co., 223 Ky. 821, 4 S.W.2d 757; Strong v. Abner, 268 Ky. 502, 105 S.W.2d 599; 58 Am.Jur., Witnesses, § 212. We believe it would be well upon another trial of this case to follow that rule. The competency of the witness and of her proposed testimony would seem to involve the ascertainment of whether she has a pecuniary interest as a matter of fact and under the Ohio law. Page's Ohio Revised Code, §§ 2125.03, 2317.03; 58 Am.Jur., Witnesses, §§ 266, 268, 275, 287 et seq. Other factors which may be considered, such as a disclaimer or extinguishment of any interest by the witness, and as her qualification to testify in behalf of the decedent's child, although not for herself as a beneficiary, if it should be found that she would be such beneficiary, would seem to be determin-

able under Kentucky law. 97 C.J.S. Witnesses § 167.

■ If the rejected testimony be considered, we think there was evidence of a contractual relation between the wife and husband under the Ohio law. See Beer v. Beer, 52 Ohio App. 276, 3 N.E.2d 702; Dorn v. Village of North Olmsted, 133 Ohio St. 375, 14 N.E.2d 11; Miller v. Fairley, 141 Ohio St. 327, 48 N.E.2d 217; Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 10 A.L.R.2d 1342; Elfers v. Bright, 108 Ohio App. 495, 162 N.E.2d 535.

■ The evidence as to the cause of the fatal accident was that the automobile driven by the husband collided head-on with another car while he was trying to pass one or two automobiles on a curve. The evidence was prima facie sufficient to take to the jury the question of his failure to exercise ordinary care, which is the measure of duty to a passenger who is not a guest under the Ohio law.

Our several relevant cases involving the automobile guest statute of Ohio and similar statutes of other states are distinguishable as it appeared in our cases that the guest or passenger only shared in buying the gasoline, and the payment was but incidental to a social purpose or hospitality of the operator of the automobile. Jones v. Jones, 312 Ky. 240, 227 S.W.2d 182; Ansback v. Greenberg, Ky., 256 S.W.2d 1; Huguenot v. Scaff, Ky., 294 S.W.2d 547; Carter v. Driver, Ky., 316 S.W.2d 378. See Annotations, Who is guest within contemplation of statute regarding liability of owner or operator of motor vehicle for injury to guest, 82 A.L.R. 1365; 95 A.L.R. 1180; 10 A.L.R.2d 1342.

The judgment is reversed.